FRANK W. KELLS and wife ROSA C. KELLS, and GROWERS LOAN & GUARANTY COMPANY, a corporation, *Appellants,* vs. W. M. DAVIDSON, *Appellee.*

136 So. 450.

En Banc.

Opinion filed August 3, 1931.

*Oxford & Cutts,* for Appellants;
*Hampton & Greene,* for Appellee.

BUFORD, C.J.—The appeal here is from final decree.

Suit was filed in the Circuit Court of Marion County, wherein W. M. Davidson was complainant and Frank W. Kells and wife, Rosa C. Kells, Growers Loan & Guaranty Company, a corporation, and Raymond B. Bullock, were defendants. The first order made in the case was on June 17th, 1929, which order was made by the Honorable W. S. Bullock, recusing himself as being disqualified to officiate as Judge because of the fact that Raymond B. Bullock, one of the defendants, was his brother. The cause was referred to Hon. Fred L. Stringer, Judge pro haec vice.

On the 17th day of April, 1930, Judge Stringer made an order, in part as follows:

"And it now further being made to appear to the Judge of this Court that the disqualification of the Honorable W. S. Bullock, Judge of the Fifth Judicial

Circuit of Florida, arises out of the fact that he was a brother of the said R. B. Bullock, deceased, and that the sole disqualification existed upon this account, and that he was in no way interested in the suit other than this disqualification on grounds of affinity and it appearing that because of said dismissal aforesaid that this court is without jurisdiction to further hear, try and determine this cause, it is Ordered that the same be returned to the Fifth Judicial Circuit of Florida, for further consideration by the Judge of said Court."

The next order made in the case was made by Judge Bullock on May 9th 1930, which was an order setting a date for hearing on objections to the allowance of amendments to the answer and counter-claim of the Kells.

We find no reversible error in the record from the beginning up to the order of Judge Stringer returning the cause to Judge Bullock for further disposition.

This Court is committed to the doctrine that when a Judge is once disqualified to officiate in a cause pending, the disqualification continues throughout proceedings in the cause. Merchants Bank & Trust Co. et al. vs. Rowe, Judge, 131 Sou. 318.

In this case the disqualification of the Judge under the provisions of Section 2525 R. G. S., 4152 C. G. L., appeared of record by the Certificate of Judge Bullock. Section 2528 R. G. S., 4155 C. G. L., provides:

"Any and all judgments, decrees and orders heretofore or hereafter rendered in causes where the disqualifications appear of record in the cause, shall be void, but where the disqualification does not so appear, they shall not be subject to collateral attack."

In Sewell et al. vs. Huffstetler, 83 Fla. 629, 93 Sou. 162, it was said:

"A judge of a circuit who is disqualified in an action pending in his circuit and certifies to his own disqualification should make no further order in the cause other than the one of transfer but an order to the effect that the cause be referred to some other judge,

having jurisdiction is proper. Section 1337, General Statutes 1906, prohibits any Judge from presiding in any cause in which he is interested or to which he is a party or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties. Section 1339, General Statutes, provides that the Judge so disqualified shall retire of his own motion and without waiting for an application to that effect."

In Swepson et al. vs. Call et al., 13 Fla. 337, it was held:

"A judge has no jurisdiction of a cause in which he is interested and can make no order therein except for the purpose of transferring it to some other circuit whereof the judge is qualified to try the cause, and if the judge of the circuit to which the cause is sent is also disqualified, *held* that it is his duty to order the papers to be returned to the court from which it was sent, in order that some other circuit may be selected."

It would be an unwise provision of law which would contemplate that when a judge is once disqualified in a cause the reason for his disqualification could be removed from the record and thereupon such judge would become qualified to proceed with the disposition of the cause and act as though he had never been disqualified. If this rule were allowed to prevail, designing parties co-operating with a venal judge, could remove from the record any evidence of disqualification because of interest or relationship and have the judge who was disqualified because thereof proceed with the disposition of the cause. It is also true that a designing judge could, after certifying his disqualification because of interest, dispose of such interest so that the result of the suit would be no longer material to him and thereby reinstate himself with jurisdiction where it should not be exercised by him. If the judge might actually and in good faith divest himself of interest in a cause so as to become qualified, then it is also possible that he might falsely pretend and wrongfully cause the record to show that he had divested

himself of such interest so that he could retain jurisdiction and try his own case. The safe and sound rule is that when the record once shows that a judge is disqualified in a cause it becomes his duty to certify such disqualification, transfer the cause to some other qualified judge, and thereafter take no part in the disposition of the cause.

We hold that the order made by Judge Stringer hereinabove referred to returning the cause to Judge Bullock was error and that all orders and decrees thereafter made by Judge Bullock were void and of no effect.

It follows that the decree must be reversed and the cause remanded with directions that it be taken up beforefore some qualified Circuit Judge for further proceedings at the point where Judge Stringer returned the case to Judge Bullock. It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BROWN, J., dissenting: It appears that Judge Bullock's brother was made a party defendant because he held a judgment which was a lien on the property. Judge Bullock for that reason very probably declared himself disqualified, and the case was referred to Judge Stringer. Later Judge Bullock's brother died and the judgment which he had held was paid to his executrix and the case was dismissed as to said brother. Judge Stringer, on motion, then made the order quoted in the opinion, and the case proceeded before Judge Bullock without objection. I cannot see that any ground for reversal on this point appears. Judge Bullock took no further action in the case until the ground of disqualification had been removed. That he acted in perfect good faith is not questioned.