THE DEPARTMENT OF PUBLIC SAFETY, a Department of the Florida State Government, v. J. C. B. KOONCE, as Judge of the Circuit Court of the Fifth Judicial Circuit of the State of Florida in and for Lake County, Florida.

3 So. (2nd) 331
Division A
Opinion Filed July 1, 1941

*J. Tom Watson,* Attorney General, *E. Albert Pallot,* Assistant Attorney General, and *Hugh L. McArthur,* for Petitioner;

*C. Rogers Wells,* for Respondent.

BUFORD, J.—This cause is before us on motion to quash Rule Nisi in Prohibition on three grounds, as follows:

"1. That the petitioner, 'The Department of Public Safety, a Department of the Florida State Government,' does not have the legal capacity to maintain said action.

"2. That Don Oliver, the plaintiff in the suit below, is not made a party respondent in said cause as required by rule of this Court, being Rule 27, approved January 17, 1939, and as required by Section 5450 and Section 5451, Comp. Gen. Laws of 1927.

"3. That the suggestion filed on the part of the petitioner does not set forth sufficient facts to show that the respondent does not have jurisdiction in the trial of said cause in the lower court."

The petition for *Rule Nisi* was based on an order of the respondent judge as follows:

"Don Oliver, Petitioner,           ORDER

    v.

"State of Florida

"Department of Public Safety,

    "Respondent.

"This cause coming on this day upon petition of Don Oliver, *in propria persona,* for an Order, setting the above matter for hearing and superseding the Order of Revocation and setting the amount and conditions of supersedeas bond, and it appearing that said

petition is properly drawn under Section 4151 (657) of the 1940 Permanent Supplement to the Compiled General Laws of the State of Florida and it further appearing that Petitioner is entitled to the relief sought in said Petition, and the court being fully advised in the premises it is thereupon

"ORDERED, ADJUDGED AND DECREED:

"1. That the above matter is set for hearing at 10 o'clock A. M. on the 14th day of April, A. D. 1941, in Chambers of the above court in Tavares, Lake County, Florida.

"2. That the Order of Revocation heretofore made by respondent of the operator's license number 12-9789 being the operator's license of Don Oliver of Lake County, Florida, is hereby superseded and the State of Florida Department of Public Safety is ordered to deliver said operator's license to the Petitioner herein with reasonable speed and no later than the 19th day of March, A. D. 1941. The amount and conditions of supersedeas bond is as follows One Hundred Dollars, conditioned for the proper use of such license.

"DONE AND ORDERED IN CHAMBERS at Tavares, Lake County, Florida, this 11th day of March, 1941.

"J. C. B. KOONCE, Judge."

This Order was promulgated in response to petition for same to be directed to respondent "State of Florida Department of Public Safety." By Chapter 19551, Acts of 1939, the Legislature created a "Department of State Government which shall be known and designated as the Department of Public Safety, under the control and administration of an executive board composed of the Governor and Chairman of the State Road Department." Sections 14 and 15 of the Act provide:

"Section 14. ADMINISTRATION. The Department of Public Safety and its executive board which are otherwise created by this Act are hereby charged with the administrative function of enforcing the provisions of this Article. In addition to his duties now provided by law, the Motor Vehicle Commissioner of this State shall be, and he is hereby charged with the duty of serving as the Executive Officer of said Department of Public Safety insofar as the administration of this Article is concerned. He shall be subject to the supervision and direction of the Executive Board of said Department of Public Safety, but his official actions and decisions as such Executive Officer shall be conclusive unless the same are superseded or reversed by said Executive Board, or by a court of competent jurisdiction. The Exceutive Board shall make and adopt rules and regulations for the orderly administration of this Article.

"Section 15. OPERATORS AND CHAUFFEᴜRS MUST BE LICENSED. (a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator or chauffeur under the provisions of this Act. No person shall operate a motor vehicle as a chauffeur unless he holds a valid chauffeur's license."

Section 38 of the Act, *inter alia,* provides:

"Section 38. MANDATORY REVOCATION OF LICENSE BY DEPARTMENT.

"The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final:

"1. Manslaughter (or negligent homicide) resulting from the operation of a motor vehicle;

"2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug;" . . .

Section 39 provides, *inter alia:*

"Section 39. AUTHORITY OF DEPARTMENT TO SUSPEND OR REVOKE LICENSE.—

"(a) The Department is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

"1. Has committed an offense for which mandatory revocation of license is required upon conviction;" . . .

Sections 40 and 43 of the Act provide:

"Section 40. PERIOD OF SUSPENSION ON REVOCATION The Department shall not suspend a license for a period of more than one year and upon revoking a license shall not in any event grant application for a new license until the expiration of one year after such revocation."

"Section 43. RIGHT OF APPEAL TO COURT. Any person denied a license or whose license has been cancelled, suspended, or revoked by the Department, except where such cancellation or revocation is mandatory under the provisions of this Act, shall have the right to file a petition within 30 days thereafter for a hearing in the matter in a court of record in the county wherein such person shall reside, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 30 days' written notice to the Department, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to

a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act."

The record shows that upon proof being presented to the Department of Public Safety, Don Oliver had, on the 27th day of February, 1941, been convicted in the County Judge's Court of Marion County, Florida, of the offense of driving an automobile while under the influence of intoxicating liquor and that the Department of Public Safety entered its order revoking for a period of one year the operator's license theretofore issued to Don Oliver. Don Oliver, on the 11th day of March, 1941, presented his petition, *supra,* to the circuit court.

On the petition of the Department of Public Safety this Court issued its *Rule Nisi* in prohibition addressed to the circuit judge who had theretofore issued his order, *supra,* to the Department of Public Safety.

The respondent filed motion to quash, as stated *supra.*

On motion to quash respondent presents three questions for our consideration, as follows:

"1. Is the Department of Public Safety, a Department of the Florida State Government, as created by Chapter 19551, Acts of 1939, authorized to maintain an action by such name?

"2. On prohibition proceedings in the Supreme Court, is the plaintiff in the court below a necessary party?

"3. Should a suggestion for a writ of prohibition affirmatively show lack of jurisdiction in the inferior court?"

Respondent's first contention is that the relator cannot maintain this proceeding in the Supreme Court. To hold with such contention would create an anoma-

lous situation in that the respondent filed his petition against this relator in the circuit court praying that the circuit court enter its judgment against this relator and upon that petition the circuit court issued its order. Now the respondent says that the relator cannot be heard to challenge the jurisdiction of the circuit court to review the order made by the relator.

We must hold that Section 43 of the Act, *supra,* confers jurisdiction on the circuit court to review the action of the Department of Public Safety in cases where an operator's license has been suspended or revoked for any cause other than a cause for which the statute makes it mandatory on the Department of Public Safety to suspend or revoke a license.

We further hold that the vesting of such jurisdiction carries with it the right and privilege in the Department of Public Safety to challenge the jurisdiction of any court assuming to act under the provisions of Section 43, *supra,* and to test that jurisdiction by orderly procedure. It also necessarily carries with it the right and privilege in the Department of Public Safety to have judicial review of proceedings had in the circuit court under authority of Section 43, *supra.* To hold otherwise would be to hold that the Department of Public Safety may be subjected to the jurisdiction of the courts but is without power or authority to defend its proceedings by orderly procedure in courts.

The statute here under consideration created a Department of State Government as a definite entity but under the control and administration of an executive board. The department, and not the administrative officers thereof, is the entity.

It, therefore, follows that the Department was the

proper entity to act in this preceeding and not the individuals composing the executive board.

The second question challenges the propriety of our *Rule Nisi* being issued to the judge of the circuit court without also being directed to the petitioner in the court below. This question was settled by us adversely to the contentions of the respondent in the case of Dickenson v. Parks, 104 Fla. 577, 140 Sou. 459, wherein we said:

"The common law practice has generally been followed in this State. We have no statute nor rule of court which requires other interested persons to be made parties to the suggestion for the writ, though Section 3586, Revised General Statutes of 1920 (Section 5451, Compiled General Laws of 1927) requires that the rule to show cause shall be directed to and served on the inferior court and the parties plaintiff in the suit therein pending. The rule to show cause in the instant case does not appear to have been so directed but it was directed to and served on the judge of that court and he has made his return thereto. He is the essential party respondent and ordinarily we would pronounce the service and return sufficient but if rights are involved which make it essential that the parties plaintiff in the inferior court be served with and given an opportunity to plead to the rule to show cause, it may on proper showing be amended and the proceeding take that course. *Ex parte* Indiana Transportation Company, 242 U. S. 281, 37 Sup. Ct. 126, 61 L. Ed. 301.

"It is settled law in this State that prohibition may be an appropriate remedy to prevent judicial action, when the judge is disqualified, as well as when the judge is without jurisdiction to act in the cause. State *ex rel.* Reynolds v. White, 40 Fla. 297, 24 So. 160;

State *ex rel.* Burr v. Whitnew, 66 Fla. 24, 63 So. 299; State *ex rel.* Bank of America v. Rowe, 96 Fla. 277, 118 So. 5."

In the instant case there are no rights of the petitioner in the lower court involved which make it essential that he be served with notice and be given an opportunity to plead to the rule to show cause. He has not denied in his petition in the circuit court the fact of conviction in the County Judge's Court of Marion County and the sole question involved here is the construction of the statutes under which the circuit judge has assumed to act.

It appears to us that the third question propounded by the respondent in support of his motion to quash should be answered in the affirmative and that the allegations of the *Rule Nisi* make a sufficient prima facie showing of lack of jurisdiction in the circuit court to assume to require the Department of Public Safety to vacate its order revoking the operator's license of Don Oliver for a period of one year. The prima facie showing of the record is that the license as an operator issued to Don Oliver was revoked under the mandatory provision of the statute quoted, *supra.* The provisions of Section 43 do not apply in cases where the license has been "cancelled, suspended or revoked by the Department" where such concellation or revocation is mandatory under the provisions of the Act.

For the reasons stated, the motion to quash is denied and the respondent is allowed fifteen (15) days from this date to further plead, if he should be so advised. Otherwise, prohibition absolute will be awarded.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.