113 So.2d 218 (1959)
STATE of Florida, ex rel. Walter G. ARNOLD, Relator,
v.
P.B. REVELS, As Judge of the Circuit Court in and for Volusia County, Florida, Respondent.
No. B-76.
District Court of Appeal of Florida. First District.
May 14, 1959.
On Petition for Modification and/or Clarification June 30, 1959.
*219 Bedell & Bedell, Jacksonville, for relator.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
CARROLL, DONALD K., Judge.
In this original proceeding in prohibition filed in this court the relator seeks to prohibit the respondent, as Judge of the Circuit Court for Volusia County, from assuming or exercising any jurisdiction in the trial of a certain bribery charge pending against the relator in that Circuit Court. Following a hearing on the relator's suggestion, we held that the suggestion stated a prima facie case and issued a rule nisi in prohibition directing the respondent to show cause in this court why a writ of prohibition should not be issued as prayed for in the suggestion.
The respondent has filed in this court his return to the rule nisi, admitting the allegations set out in the relator's suggestion in paragraphs 1 through 14 thereof and denying the allegations contained in paragraphs 15 and 16. In his return the respondent also avers that the relator has failed to demonstrate that quantum of prejudice which would entitle him to the relief sought and that the relator is not entitled to a rule absolute, but does not specifically deny the fact of prejudice.
In admitting the allegations in paragraphs 1 through 14 of the relator's suggestion, the respondent has admitted the following allegations to be true: that on November 30, 1956, William W. Judge, the State Attorney for the Seventh Judicial Circuit, filed an information in the Circuit Court for St. Johns County charging the relator and one Womack in two counts with the crime of bribery, which information charged in substance that the relator and Womack corruptly offered to the said State Attorney on said date a bribe in the amount of $2,500; that on November 30, 1958, and for more than twenty years prior thereto the relator was and is now an *220 attorney at law duly admitted to practice and practicing his profession in Florida, and that, after the filing of the said information against relator, the respondent, as Circuit Judge of the Seventh Judicial Circuit for St. Johns County, on December 4, 1956, made and entered an order in that Court directing the said State Attorney forthwith to file disbarment proceedings against the relator in accordance with Chapter 454, Florida Statutes, F.S.A.; that on December 6, 1956, pursuant to the said order the said State Attorney filed in the Circuit Court for St. Johns County a motion for the relator's disbarment, charging the relator with the same offense with which he had been charged in the information filed on November 30, 1956; that on December 13, 1956, the relator filed in said disbarment proceedings his answer under oath and in addition filed a suggestion of disqualification of the respondent as Judge of the said Court on the ground that the respondent was a material witness in said cause; that, due to the disqualification of the said William W. Judge, on December 12, 1956, by executive order of the Governor of Florida, one James McEwen was designated to perform all matters and things necessary to be done by the State Attorney of the Seventh Judicial Circuit in the disbarment proceedings and the criminal case pending against the relator in the Circuit Court for St. Johns County; that the said McEwen on December 31, 1956, entered a nolle prosequi as to the criminal information filed in St. Johns County and on the same date filed a new information in Volusia County against the relator and the said Womack charging them with the same crime of bribery, but changing the date thereof to November 29, 1956, and the place thereof to Volusia County.
Other facts thus admitted in the respondent's return are that the relator later moved to quash the information filed in Volusia County on the ground that the relator was immunized from criminal prosecution on the bribery charge under Section 932.29, Florida Statutes, F.S.A., and the respondent denied said motion to quash, whereupon the relator filed in the Supreme Court his suggestion for writ of prohibition against the respondent as Circuit Judge for Volusia County to prohibit the respondent from proceeding with the trial of the criminal case in said county; that a rule nisi was issued by the Florida Supreme Court and, upon the return to the rule nisi being filed, the Supreme Court quashed the rule nisi, as reported in 100 So.2d 51; that the relator filed a petition for writ of certiorari to the United States Supreme Court to review the decision of the Florida Supreme Court but the petition was denied by the United States Supreme Court, 357 U.S. 925, 78 S.Ct. 1371, 2 L.Ed.2d 1370; that, notwithstanding the fact that the disbarment proceeding filed in St. Johns County against relator on December 6, 1956, was still pending and had neither been prosecuted nor dismissed, the respondent on April 2, 1958, as Circuit Judge for the Seventh Judicial Circuit, entered an order directing the said McEwen to institute a disbarment proceeding forthwith against the relator in the Seventh Judicial Circuit; that pursuant to said order the said McEwen caused to be served upon the relator a motion to disbar pursuant to Sections 454.24 and 454.25, Florida Statutes, F.S.A., which motion for disbarment alleged in substance the same ground that had been alleged in the motion for disbarment filed in the Circuit Court for St. Johns County, and was predicated on the same bribery charge contained in the criminal information filed against relator filed in the Circuit Court for Volusia County on December 31, 1956; that on April 10, 1958, the relator filed in the disbarment proceeding in the Circuit Court for Volusia County his answer under oath and on May 7, 1958, filed a sworn suggestion in that disbarment proceeding, in substance setting forth that he feared and believed that the respondent was prejudiced against him and biased in favor of the State of Florida and that he would not receive a fair and impartial trial if the cause against him *221 was tried in the Circuit Court for Volusia County before the respondent, and setting forth the grounds and causes for his belief, which suggestion for disqualification of the respondent was accompanied by supporting affidavits of three reputable citizens of Volusia County, not of counsel for the relator and not of kin to the relator or any of his counsel, as well as supported by other exhibits attached to the said suggestion; that the qualifications of the respondent to serve as judge in the said cause was further challenged on the ground that since he was the object of the unlawful influence alleged to have been attempted by the relator, he was a party affected by and interested in the subject matter of the motion for disbarment, the suggestion further setting forth that the respondent was a material witness in the disbarment proceeding; that on May 16, 1958, the relator moved to quash or dismiss for lack of jurisdiction the disbarment proceeding pending in Volusia County and the one in St. Johns County because of a rule promulgated by the Supreme Court of Florida on May 9, 1958, In re Integration Rule of the Florida Bar, 102 So.2d 618, under the provisions of Section 23 of Article V of the Florida Constitution, F.S.A., which rule abolished the old statutory proceeding under Chapter 454, Florida Statutes, F.S.A., and in substance provided that the motion for disbarment should be in the name of The Florida Bar and should be filed by the State Attorney for the Circuit in which the attorney in question shall have his office, which rule also provided for the trial of the attorney to be in the county in which he maintained his office; that at a hearing on the said motions to quash and/or dismiss the disbarment proceedings for lack of jurisdiction and on the relator's suggestion for disqualification, the respondent denied the suggestion of disqualification without even permitting the relator's counsel to argue the same, and the respondent then dismissed the Volusia County disbarment proceeding for lack of jurisdiction; that at said hearing the suggestion of disqualification in the St. Johns County disbarment proceeding was also denied without argument and an order was entered setting the St. Johns County disbarment proceeding for trial in St. Augustine, St. Johns County, on June 19, 1958.
The respondent, finally, admitted in his return that on June 9, 1958, the relator filed in the Florida Supreme Court his suggestion for writ of prohibition against the respondent as Circuit Judge of St. Johns County to prohibit the respondent from proceeding with the trial of the disbarment proceeding on the grounds that the Circuit Court of St. Johns County did not have jurisdiction of the said disbarment proceeding and that the respondent was disqualified from acting as Judge of the cause because of his prejudice against the relator and because he was interested in the subject matter of the disbarment proceeding and was a material witness to the cause; that on June 11, 1958, the Florida Supreme Court issued a rule nisi prohibiting the respondent from proceeding further in the disbarment proceedings until the further order of the Supreme Court; that on November 12, 1958, the relator filed his sworn suggestion in the Circuit Court for Volusia County in the criminal proceeding, in substance setting forth that he feared and believed that the respondent as Judge of the Circuit Court for Volusia County was prejudiced against him and that he would not receive a fair and impartial trial if the case against him was tried in the said Court of the respondent and setting forth the grounds and causes of such belief, which application was accompanied by supporting affidavits of three reputable citizens of Volusia County not of counsel for the relator and not of kin to the relator or any of his counsel, as well as supported by other exhibits attached to the application; that on the same day the relator filed a sworn suggestion of disqualification in the criminal proceeding pending in Volusia County because the respondent was a material witness in the cause and further challenged his qualification *222 to serve as judge in the said cause on the ground that since he, the respondent, was the object of the unlawful influence alleged to have been attempted by the relator, he was a party affected by and interested in the subject matter of the motion for disbarment; that on December 5, 1958, the said suggestion of the relator for the disqualification of the respondent came on for hearing before the respondent; that prior to said hearing the respondent had prepared orders denying the relator's suggestion for disqualification; that upon convening of the hearing the respondent signed the orders and delivered copies to the relator's counsel without affording said counsel an opportunity to argue the suggestion; that at the same time the respondent delivered to the counsel for the relator a copy of the affidavit of the respondent with respect to the suggestion of disqualification because he was interested in the subject matter; that no opportunity was afforded the relator by the respondent for the filing of additional affidavits as provided by Section 38.02, Florida Statutes, F.S.A.; that after announcing his denial of relator's suggestion for disqualification and the filing of the said affidavit, the respondent announced that the criminal case pending against the relator in Volusia County would be tried on February 9, 1959.
Since the time of the filing of the relator's suggestion for writ of prohibition and the respondent's return thereto in the court, the Florida Supreme Court on February 13, 1959, has filed its opinion in the prohibition proceeding in that court, denying the respondent's motion to quash the rule nisi and making the rule in prohibition absolute, except as to the right of the respondent to transfer the case to the Circuit Court for the Fourth Judicial Circuit. It will be remembered that the relator in that case founded his suggestion for the writ of prohibition upon two grounds: first, lack of jurisdiction of the St. Johns County Circuit Court and, secondly, the disqualification of the respondent to preside in the trial of the disbarment proceedings. The Supreme Court's ruling was based upon its holding that the St. Johns County Circuit Court lacked jurisdiction of the disbarment proceedings. See State ex rel. Arnold v. Revels, Fla., 109 So.2d 1, 2. In the course of its opinion the Supreme Court said:
"In the view that we have respecting the jurisdictional question, it is not necessary to decide whether the respondent erred in denying the relator's suggestion of disqualification  although in all the circumstances shown by this record it would appear that the respondent could, with propriety, have requested one of the other circuit judges in the Seventh Judicial Circuit to preside over the disbarment proceedings, and perhaps would have been well advised to do so, regardless of whether technical grounds for disqualification were sufficiently shown. Cf. State ex rel. Palmer v. Atkinson, 1934, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539; Ball v. Yates, 1947, 158 Fla. 521, 29 So.2d 729."
The sole issue before this court in the present proceeding is whether we should issue the rule absolute in prohibition forbidding the respondent as Judge of the Circuit Court for Volusia County from proceeding further in the criminal case involving the relator in Volusia County, for the reason that the relator's suggestion and the respondent's return thereto established that he is disqualified from so acting.
In issuing the rule nisi we held that the relator's suggestion stated a prima facie case. We now hold that the respondent's return to our rule to show cause is insufficient and that the allegations in the suggestion which are admitted by the respondent in his return are sufficient to show the respondent's disqualification and impel the issuance by this court of the rule absolute in prohibition.
*223 As the Florida Supreme Court said in the case of the Department of Public Safety v. Koonce, 147 Fla. 616, 3 So.2d 331, 334;
"It is settled law in this state that prohibition may be an appropriate remedy to prevent judicial action, when the judge is disqualified, as well as when the judge is without jurisdiction to act in the cause. State ex rel. Reynolds v. White, 40 Fla. 297, 24 So. 160; State ex rel. Burr v. Whitney, 66 Fla. 24, 63 So. 299; State ex rel. Bank of America v. Rowe, 96 Fla. 277, 118 So. 5."
The allegations in the relator's suggestion for the writ which are admitted by the respondent in his return to our rule nisi seem to be sufficient to show the following: (1) that the respondent may properly be considered an interested party in the trial of the bribery charges, for the charges are that the relator gave a bribe to influence the respondent; (2) that in the trial of the relator the respondent would likely be a material witness; (3) that the State Attorney, William W. Judge, a key witness at the trial, was naturally closely associated with the respondent; (4) that in preparing his order denying the relator's suggestion for disqualification prior to the hearing and refusing to afford relator's counsel an opportunity to present his arguments on the suggestions, the respondent displayed an attitude toward the relator not characterized by the cold neutrality required of a judge.
In many cases the Florida Supreme Court has pointed out the vital necessity of the neutrality and impartiality of a judge who presides over the determination of a person's life, liberty, or property. For instance, in the case of State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615, the Supreme Court said:
"This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his disqualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.
* * * * * *
"* * * There is no reason why he should not and every reason why he should excuse himself under the circumstances."
Again in the case of Dickenson v. Parks, 104 Fla. 577, 140 So. 459, 462, the Supreme Court said:
"Prejudice of a judge is a delicate question to raise, but, when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised, should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned."
We know of nothing more vital in the administration of justice in America than that the judge who sits in judgment on the life, liberty, or property of persons before his court be perfectly impartial. We think it a judge's duty not only to harbor no prejudice toward such persons but also to avoid the appearance of such prejudice.
In the present proceedings it may well be that, if we were able to look into the mind of the respondent, we would find therein no actual prejudice toward the relator and that he had every intention to give the relator a fair and impartial trial. Nevertheless, the respondent has admitted in his return many things alleged in the suggestion that raise a question as to his impartiality toward the relator. At the *224 least the respondent has not avoided the appearance of prejudice. He did not even deny in his return that he is prejudiced.
Under these circumstances we are of the opinion that the Rule in Prohibition should be made absolute.
It is so ordered.
STURGIS, C.J., and WIGGINTON, J., concur.

On Petition for Modification and/or Clarification
CARROLL, DONALD K., Judge.
The respondent has filed a petition for modification and/or clarification of our opinion filed May 14, 1959, in which petition he principally complains of two portions of the opinion in which we mention that he had failed to deny in his return to the alternative writ of prohibition that he is prejudiced against the relator, Arnold. The respondent contends that any denial of prejudice by him in his return "is completely superfluous, unnecessary and irrelevant because this Court is limited to a review of the record as it existed below at the moment respondent held the affidavits legally insufficient for the purposes for which they were submitted". We agree that a denial or admission in a judge's return to an alternative writ of prohibition of his prejudice toward the relator in prohibition, is, of course, not decisive on the question of the issuance of the absolute writ. We think the respondent misconceives the nature of the present proceedings, for this is an original proceeding in prohibition and canno be used as a substitute for appellate proceedings. State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175; State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313. We are not merely reviewing the respondent's order holding the relator's affidavits insufficient, but in this original proceeding the relator charges in his suggestion that the respondent is prejudiced against him, and it was certainly appropriate that in his return the respondent should respond directly to such charge. Therefore, except to the extent that this opinion may have clarified our former opinion, the petition for modification and/or clarification is denied.
STURGIS, C.J., and WIGGINTON, J., concur.