SWANN, Judge.
The appellant, John B. Vaughn, appeals from a conviction for violation of probation and his sentences to three consecutive life terms of imprisonment for three separate robberies.
It .appears that Vaughn originally pled guilty to the charge of committing three separate robberies. He was sentenced to four years in the state penitentiary for each robbery conviction. The three sentences were to run consecutively making a total of twelve (12) years. He subsequently moved to vacate these judgments and sentences pursuant to the Florida Rules of Criminal Procedure. Ultimately, the trial court vacated these judgments and sentences and granted him a new trial.
At the new trial he again pled guilty to the three robbery charges and Judge Sted-man stayed and withheld the imposition of sentence and placed Vaughn on probation for a term of four years.
Later Vaughn was charged with violation of the probation order and the cause came on for hearing before Judge Stedman. Vaughn moved that Judge Stedman disqualify himself because of his prejudice against the defendant. The motion for disqualification was granted and the matter was transferred to Judge Jack Turner.
Judge Turner denied the written motion of Vaughn for a jury trial and conducted a hearing in the revocation of probation proceeding. He decided that Vaughn had violated certain terms and conditions of the probation order. Judge Turner transferred the matter back to Judge Stedman for his decision as to a formal order of revocation of probation and for sentencing.
Vaughn moved to exclude Judge Stedman from imposing sentence. This motion was denied. Judge Stedman then sentenced Vaughn to serve three consecutive life sen- *444 fences in the state penitentiary. Timely post trial motions were filed and denied and this appeal follows.
Fla.R.Cr.P. 1.230(d), 33 F.S.A., formerly Fla.Stat. § 911.01, F.S.A., provides in pertinent part:
“(d) The judge presiding shall examine the motion * * *. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein. Another judge shall he designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.” (Emphasis supplied.)
After disqualifying himself, the judge should proceed no further in the case. See 21 Am.Jur.2d Criminal Law § 431; 9 Fla.Jur. Crim. Law § 127; Hooks v. State, Fla.App.1968, 207 So.2d 459; State ex rel. Arnold v. Revels, Fla.App. 1959, 113 So.2d 218; and Williams v. State, Fla. 1962, 143 So.2d 484.
It is apparent that after disqualification, Judge Stedman had no legal right or authority to proceed in this case and to enter the order of revocation of probation and sentences. The revocation order and sentences of Vaughn to three consecutive life terms were improper as Judge Sted-man had no authority to proceed after disqualification.
The case is, therefore, reversed and remanded to the Criminal Court of Record in and for Dade County with directions that a judge other than Judge Stedman hear and determine whether a revocation order should be entered and, if so, the entry of proper sentences.
The appellant Vaughn also argues that reversible error was committed because he was denied a jury trial at the revocation hearing held before Judge Turner. Since we have found reversible error and have remanded the cause for retrial and entry of a proper revocation order and sentences, if any, we do not pass on this question. Cf. State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597; and Hooks v. State, Fla.App.1968, 207 So.2d 459.
In remanding we observe that Vaughn was sentenced on November 22, 1968 to the three consecutive life sentences. These sentences were entered prior to the decision of the United States Supreme Court on June 23, 1969 in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656.
Since we do not now know what the future sentences, if any, of the defendant Vaughn may be we do not rule upon the applicability of Pearce to the three consecutive life sentences herein vacated. It may well be that the trial judge must consider the applicability of Pearce, if any, before the imposition of any new sentences. That question is not properly before us at this time.
For the reasons aforesaid, the order of revocation .and the sentences imposed below be and the same are hereby vacated and set aside and this cause is remanded for further action consistent herewith.
It is so ordered.