324 So.2d 171 (1975)
Ben S. GILMER et al., Appellants,
v.
SHELL OIL COMPANY, etc., et al., Appellees.
No. 75-448.
District Court of Appeal of Florida, Second District.
December 19, 1975.
*172 Robert Gibbons and S. Thomas Ullman of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellants.
Howard P. Ross of Battaglia, Parker, Ross, Parker & Stolba, St. Petersburg, for appellee Shell Oil Co.
HOBSON, Judge.
This is an appeal from a final judgment entered in favor of the appellee on March 12, 1975. The record on appeal shows that on March 7, 1975 the circuit judge who entered the final judgment had on the court's own motion entered an order recusing herself from "hearings on the above styled cause." This order further directed the clerk to re-assign the cause to another circuit judge.
The question on appeal is whether or not a judge may recuse himself on his own motion and thereafter enter further orders or final judgment. It is well settled that a judge who is disqualified can proceed no further in the case. Vaughn v. State, Fla.App.3d 1969, 226 So.2d 443; Kells v. Davidson, 1951, 102 Fla. 684, 136 So. 450. The appellee suggests that there is a distinction between a disqualified judge and a judge who on his own motion recuses himself. We are not persuaded that there is a distinction which would remove a recused judge from the law applicable to a disqualified judge.
Webster's Dictionary defines "disqualify" as "To deprive of the qualities necessary for any purpose; to render unfit." In the same dictionary, "recuse" is defined as "To reject; esp., to except to (a judge), as interested or incompetent."
The order of recusal and transfer on the court's own motion does not state the reasons therefor. However, we must assume that while the reason or reasons might not be sufficient to disqualify under the applicable statutes, they were sufficient to preclude the judge from proceeding further in the case.
The appellees also take the position that the judge heard the final arguments of counsel on appellees' motion for summary judgment and had reserved her decision in order to deliberate on the oral arguments and the authorities cited by counsel prior to the entry of the court's own motion of recusal. This being so, the court merely entered its final judgment in written from, subsequent to her recusal, after having reached her decision prior to her recusal. To support this contention, the appellees rely heavily on the order of recusal wherein the court recused herself "from hearings on the above styled cause," and there were no further hearings prior to the entry of the final judgment.
The record on appeal shows only that the order of recusal was entered on March 7, 1975 and the final judgment was *173 entered subsequent thereto on March 12, 1975. Under these circumstances and under the law as established by Kells and Vaughn, supra, we hold that the final judgment was void and of no effect.
The final judgment is vacated and set aside and the cause remanded with directions that it be taken up before a circuit judge not disqualified to act in the further proceedings.
It is so ordered.
McNULTY, C.J., and BOARDMAN, J., concur.