341 So.2d 196 (1976)
Michael ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2025.
District Court of Appeal of Florida, Fourth District.
October 8, 1976.
Rehearing Denied February 2, 1977.
Fred Haddad of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
WADDELL, TOM, Jr., Associate Judge.
Appellant was arrested on June 6, 1974, by a City of Plantation policeman. Trial was set in Municipal Court for July 31st. On July 25th, upon appellant's motion his case was transferred to the Broward County Court. A misdemeanor information was filed on August 6th. Trial was set for October 7th. On September 24th the state nolle prossed the misdemeanor information and the following day filed a felony information based on the June 6th episode. Appellant was arraigned and trial was set for January 20, 1975. On January 20th and March 10th appellant was granted two continuances. At a subsequent trial, appellant withdrew his not guilty plea and tendered a plea of nolo contendere to the felony charge, reserving his right to appeal an unfavorable ruling on a motion to suppress evidence. A pre-sentence investigation was ordered.
Prior to sentencing the appellant discharged the attorney who had represented him up to this point and hired new counsel. A motion to vacate and discharge was filed. At a hearing on said motion, while appellant was attempting to establish his right to relief under the 180 day rule, appellant's attorney moved the trial judge to recuse himself. This motion was granted and the hearing terminated. Subsequently, the trial judge entered an order sua sponte vacating the recusal and setting the cause for further proceedings before himself. These proceedings were conducted over the objections of the appellant. We must reverse. Once the trial judge recused himself, further orders of his were void and of no effect (Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla.2d DCA 1975)).
This cause is remanded to proceed upon trial judge's order of recusal.
REVERSED AND REMANDED.
MAGER, C.J., and CROSS, J., concur.