SHARP, Judge.
Pamela Sue Christie appeals from an order assessing costs ($80.00) and attorney’s fees ($5,100.00) in a prolonged series of domestic relations proceedings involving the primary custody of the parties’ minor child. The case commenced in Florida in 1982 when the former wife filed a petition for habeas corpus, and in 1983 she filed an alternative petition to enforce a California judgment. These petitions were denied and that order was appealed to us in 1984 and affirmed in 1985. In 1984 the former wife filed an additional petition to determine primary custody of the child, which was eventually withdrawn and voluntarily dismissed in 1985.
The attorney’s fee award was assessed in this latter proceeding, although it encompassed attorney time in other matters. From the record it is not clear whether or not the trial court had jurisdiction to award attorney’s fees for the appeal, an HRS dependency hearing which did not involve the former wife, and the earlier proceedings which were appealed to us. The affidavit clearly encompasses all of these other matters.
In any event the award is fatally flawed because no notice was given either to appellant or to her attorney of the hearing on appellee’s motion for attorney’s fees. This is contrary to Florida Rule of Civil Procedure 1.090(d) which provides:
A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing. (Emphasis added).
*623 Failure to give notice is an essential departure from the Rules and due process.[1] Hilton v. Florio, 317 So.2d 83 (Fla. 3rd DCA 1975); Polland v. Visual Graphics Corp., 240 So.2d 835 (Fla. 3rd DCA 1970). Accordingly, the cost and attorney fee judgment appealed in this case is
REVERSED.
DAUKSCH and UPCHURCH, JJ., concur.

. Art. I, § 9, Fla. Const.