528 So.2d 957 (1988)
Regina Tisiker MARGULIES, Appellant,
v.
Martin Z. MARGULIES, Appellee.
Nos. 87-2154, 88-176.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Rehearing Denied August 19, 1988.
*958 Cooper, Wolfe & Bolotin and Sharon L. Wolfe, Maurice Jay Kutner, Miami, for appellant.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
This is a consolidated appeal from a trial court order that makes determinations on support and child custody issues and an Administrative Judge's order that transfers the case back to the trial judge who had recused himself.
The relevant facts are as follows. Regina, the ex-wife, is Catholic. Martin, the ex-husband, is Jewish. By an order entered after a 1984 judgment dissolving the parties' marriage, Martin was obligated to pay for the educational expenses of his younger son, Michael. The child was six years old at the time of the proceeding in question. In 1986 Martin filed a motion alleging that by a prior oral agreement, the parties agreed that Martin would have primary responsibility for decisions on the children's education and that Regina was in violation of that agreement by dishonoring his request that Michael attend Beth Am, a Jewish school. That motion, seeking an order allowing Michael to attend Beth Am, was never heard.
In 1987 Regina sought to enroll Michael at Gulliver, a private nonsectarian school, and requested that Martin pay the tuition in accordance with the post-dissolution order on support. Martin refused to pay asserting that the only private school he would pay for was Beth Am, and that the only alternative would be for Michael to attend a public school. Regina filed a motion for contempt alleging that Martin had refused to pay educational expenses unless *959 he had the sole discretion to make the school selection.
At the hearing on the contempt motion, Martin raised as a defense to nonpayment a breach by Regina of an oral agreement which gave Martin the right to choose where and how Michael would be educated. Regina disputed the existence of any such agreement. Notwithstanding the narrow question presented by the motion for contempt  whether Martin's refusal to pay the costs for Michael to attend Gulliver violated an order of the court  Martin's attorney brought up the subject of the oral agreement and Martin's preference that Michael be educated in the Jewish faith. Regina's attorney objected, arguing that "[t]here is only one issue before the court, and that is if Mr. Margulies has to pay for the Gulliver School... . There are no pleadings on where the child is going to school, and certainly nothing on religion." Nevertheless, Martin was permitted to testify as to the existence of an oral agreement and why it would be better for Michael to be enrolled in a Jewish school.
The order entered on Regina's motion for contempt makes a finding that her motion "totally lacked a meritorious basis" and "that the parties voluntarily agreed to and did bring the younger child into the Jewish faith". Further, the order grants affirmative relief to Martin by providing that "the Petitioner-Husband shall have the discretion to choose the appropriate education institution for the younger child" and makes an assessment of "attorney's fees against the Respondent-Wife."
We hold that the determination where the child should be educated exceeded the scope of the motion for contempt. The ex-wife's motion sought an order compelling the ex-husband to pay for the child's school tuition in accordance with an order of the court. Whether the child should attend a sectarian school in accordance with a disputed extra-judicial agreement should not have been heard or considered by the court as a defense to the motion for contempt, and most certainly not for the purpose of granting affirmative relief to the respondent-husband. A trial court violates a litigant's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing. Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); Johnson v. Henck, 482 So.2d 588 (Fla. 1st DCA 1986); Christie v. Casaday, 486 So.2d 622 (Fla. 5th DCA 1986); Levitt v. Levitt, 454 So.2d 1070 (Fla. 2d DCA 1984).
Further, the existence of a separate extra-judicial agreement between the parties concerning responsibility for the child's education  assuming that there was such an agreement and that it gave the father the exclusive right to select the school  was not a valid defense to the mother's motion for contempt for failure to pay court-ordered school expenses. Generally, a failure to pay family support obligations in an action for civil contempt places the burden on the defaulting party to prove that he is without the ability to comply with the court order. See Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). Here, the defaulting father raised as a defense to the contempt motion, the mother's breach of a separate, independent agreement that was never incorporated into an order or judgment of the court. Whether there was a prior oral agreement and whether it was entitled to judicial enforcement should have been decided on the ex-husband's September 1986 motion that was never heard. The trial court's order that required the ex-husband to pay the expenses for Michael's schooling and which formed the basis for the mother's contempt motion did not condition that obligation on Martin's right to select the school. See Posey v. Posey, 493 So.2d 41 (Fla. 1st DCA 1986) (obligation to pay child support not conditioned on ex-husband's determination that child was actually living with ex-wife during times payments were due).
The trial court's order also required the ex-wife to pay attorney's fees on a finding that her motion "totally lacked a meritorious basis." Because we reverse the court's ruling insofar as it gives Martin the sole discretion to choose Michael's school, we also reverse that part of the order assessing attorney's fees against Regina pursuant *960 to section 57.105, Florida Statutes (1987). Fireman's Fund Ins. Cos. v. Rojas, 447 So.2d 1023 (Fla. 3d DCA 1984) (award of attorney's fees reversed where the record did not demonstrate a complete absence of a justiciable issue of law or fact). In all other respects the trial court's August 20, 1987, order is affirmed.
On Regina's appeal from the Order on Husband's Motion to Transfer, we hold that the Administrative Judge should not have transferred the case back to the original judge after that judge had recused himself.
After the trial judge heard Regina's motion for contempt and entered his order on the motion, Regina moved for recusal of the trial judge alleging that his handling of the case evidenced a bias in favor of Martin. That motion was denied and appealed. A few weeks later, while that appeal was pending, the trial judge recused himself on the separate ground that he was an adverse party in a prohibition proceeding filed by Martin's attorneys in another case. The case was then assigned to another trial judge in normal rotation. On notice from the parties we dismissed Regina's appeal as moot.
Mr. Margulies then filed a motion for reconsideration of the judge's sua sponte recusal. At a hearing on that motion, the now-removed judge disclosed that he had recused himself only because he feared that Martin might feel uncomfortable in that the judge and the law firm representing Martin were adverse parties in another case. Nevertheless the judge said, "[i]f Mr. Margulies and his counsel feel that they are not being prejudiced, I have no objection to having the case transferred back to me." Martin then filed a motion requesting the Administrative Judge to transfer the case back.
After a hearing on the motion, the Administrative Judge concluded "that the greater justice would be served if the court transfers this case to Judge Barad." In the "Order On Husband's Motion To Transfer" he made the following findings:
1. The file reflects a great deal of work and labor by both the Court and the parties and their attorneys in the proceedings had before Judge Barad.
2. The case has been in front of Judge Barad for a lengthy period of time with the Judge being aware of the particularities of the case.
3. The recusal by Judge Barad involved a totally different lawsuit between other parties and had nothing to do with this case or the parties.
4. The case of Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla. 1985) appears to be good authority for the position of the Petitioner/Husband that this Court has discretion to support the position that Judge Barad may hear this case.
Section 38.05, Florida Statutes (1987), authorizes a judge to disqualify himself where, to his knowledge, there is any ground for recusal. It has long been the law in this state, as the parties agree, that once a trial judge disqualifies himself, he may not "requalify" himself on removal of the reason for disqualification. Kells v. Davidson, 102 Fla. 684, 136 So. 450 (1931). The reason for the rule as explained in Kells is to prevent the situation where a judge, with an interest in the outcome of a case, could by pretense cause the record to appear otherwise so that he may retain jurisdiction. Announcing a "safe and sound rule" the court held: "[W]hen the record once shows that a judge is disqualified in a cause, it becomes his duty to certify such disqualification, transfer the cause to some other qualified judge, and thereafter take no part in the disposition of the cause." Kells, 136 So. at 451.
In the few cases regarding this issue that the parties could find, the rule has been followed unwaveringly. See State ex rel. Harrison v. Whitehurst, 108 Fla. 465, 146 So. 589 (1933) (trial judge improperly reviewed and reversed his own order of disqualification); State ex rel. Rembrandt Corp. v. Thomas, 117 Fla. 127, 157 So. 337 (1934); Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977); see also Stringer v. United States, 233 F.2d 947 (9th Cir.1956) (once having disqualified himself for cause, on *961 his own motion, it was incurable error for the district judge to resume control of the case).
Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla. 1985) is easily distinguishable and does not represent a change in the law. In Von Stetina, unlike this case, Justice Ehrlich recused himself only on the issue of attorney's fees noting, carefully, that the attorney's fee issue was "legally and procedurally severable from the remaining issues." 474 So.2d at 795. Here there was no partial recusal on a severable issue.
The order entered on the ex-wife's motion for contempt is reversed insofar as it gives the ex-husband the exclusive right to decide the child's school and assesses attorney's fees against Regina pursuant to section 57.105, Florida Statutes (1987). That part of the order that finds the ex-husband not in violation of the order to pay for the child's education is reversed and remanded for rehearing. The order transferring the case back to Judge Barad, after a sua sponte order of recusal, is quashed and the cause is remanded for further proceedings before the newly assigned judge.