PER CURIAM.
This appeal is brought from two orders, one denying a former wife’s motion for modification of a child-support order, and the other denying her motion for contempt based on an alleged failure of the former husband to deliver a life insurance policy on himself, naming the minor daughter as beneficiary.
We affirm the denial of the motion for modification of child-support payments as there is no showing of the required substantial change in the former husband’s meager financial circumstances or the child’s needs. Fritz v. Fritz, 485 So.2d 488 (Fla. 3d DCA 1986); Boylan v. Cooper, 482 So.2d 584 (Fla. 5th DCA 1986). The record does show that the mother’s circumstances have improved significantly with a $400,000 inheritance, and that the so-called “needs” of the minor are more in the nature of “wants” consistent with the luxurious lifestyle her mother has provided.[1]
Although the matter of an insurance policy came before the court by brief testimony, the single issue before the court by motion and notice was for a modification of the support order. Expanding the scope of the hearing to address and determine matters not noticed for hearing would have violated the appellee’s due process rights. Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988).
Affirmed.

. At trial the mother testified that she needed about $1400 per month for the child’s support. Financial affidavits showed the needs as a $245 per month car payment; $216 for recreation; $400 for automobile maintenance, insurance and tags; and $100 for the child’s horse.