617 So.2d 832 (1993)
STATE of Florida, Petitioner,
v.
The Honorable Larry SCHACK, as Circuit Court Judge of the Nineteenth Judicial Circuit, Respondent.
No. 93-0703.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
*833 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Larry Schack, pro se.
PER CURIAM.
The state seeks a writ of prohibition directed to the trial court judge preventing him from presiding over the underlying criminal case below. Defendant moved to disqualify Judge Schack after learning of Judge Schack's friendship with the prosecutor assigned to his case. After hearing, defense counsel withdrew the motion. Defense counsel filed a second motion for disqualification, and after a hearing, (which Defendant did not attend), Judge Schack orally disqualified himself from the case. Defense counsel immediately withdrew the motion and asked the judge to remain on the case, however the judge stated that he would not rule on that request until the defendant was present.
The day after Judge Schack's oral pronouncement, the defendant filed a motion to vacate the oral disqualification order, which had not yet been reduced to writing. The defendant stated that he believed the judge could be fair and impartial; that he wanted Judge Schack to preside over his trial; and that the defendant was waiving any right to challenge the judge's fairness by appeal or collateral attack. The state filed a motion to strike the defendant's motion to vacate, stating that the trial judge, having recused himself, lacked authority to make any further rulings in the case.
The trial court conducted a hearing to address the issues of whether the defendant could withdraw his recusal motion after it had been orally granted, and whether the trial judge was authorized to alter his decision to disqualify himself. Judge Schack found that no written order of disqualification had been entered. He stated that he would treat the motion to vacate his oral disqualification as a motion for rehearing. He found the defendant competent, and found that the defendant was waiving any technical deficiency regarding the motion, as well as his right to attack the judge's fairness in the future. Judge Schack granted the motion for rehearing and the motion to vacate the oral recusal order, thus remaining the assigned judge. He permitted the defendant to withdraw his disqualification motion. Judge Schack stated that if the appellate court found his recusal should have stood, this court need not enter a writ of prohibition, but rather, upon this court's order he would recuse himself.
We note first that prohibition is the proper avenue for relief in judicial disqualification cases. E.g., Department of Public Safety v. Koonce, 147 Fla. 616, 3 So.2d 331 (1941) (Settled law that prohibition may be appropriate remedy to prevent judicial action when judge is disqualified, as well as when judge is without jurisdiction to act in the cause).
In the instant case, Judge Schack could not "requalify" himself after his recusal. Kells v. Davidson, 102 Fla. 684, 136 So. 450, 451 (1931). It is of no significance that a written disqualification order had not been entered at the time the judge "reheard" the matter. Once a judge has determined for the record that a party is *834 justified in its fear that the judge cannot be fair or impartial, the judge is powerless to alter that decision. Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977); Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988); Vaughn v. State, 226 So.2d 443 (Fla. 3d DCA 1969).
We grant the petition for writ of prohibition, withholding the writ in reliance upon Judge Schack's statement that he would abide by our decision, and we ask the Chief Judge of the Nineteenth Circuit to reassign the underlying case.
GLICKSTEIN, C.J., and STONE and POLEN, JJ., concur.