GERSTEN, Judge.
Appellants, Couture Farms and Couture Allen International, Inc., appeal a non-final order denying their motions to dismiss. We affirm in part and dismiss in part.
Appellee, Triton International, Inc., filed a breach of contract action against the Asocia-ción de Productores de Espárragos de lea (A.P.E.I.), d/b/a Couture Farms, d/b/a/ Couture Allen International, Inc., serving a registered agent of Couture Allen International, Inc. In May of 1995, Couture Farms filed a motion to dismiss, contending lack of personal jurisdiction because Couture Farms was not served. The motion also claimed that the appellee failed to state a cause of action against Couture Farms because, as a separate legal entity, it was not responsible for A.P.E.I.’s actions. In August of 1995, Couture Farms filed a second motion to dismiss for failure to effect proper service under Florida Rule of Civil Procedure 1.070(i).
Similarly, Couture Allen filed a motion to dismiss in May of 1995, contending that ap-pellee faded to state a cause of action against Couture Allen because it was not the alter ego of AP.E.I. In August of 1995, Couture Allen filed a second motion to dismiss, contending failure to post the required nonresidential costs bond.
Each appellant noticed their August motions for hearing, but did not notice their May motions. The trial court heard and denied all pending May and August motions to dismiss at the same hearing. Appellants claim a violation of their due process rights because the trial court heard unnoticed motions. Couture Farms appeals the denial of its Rule 1.070(i) motion to dismiss.
Although a court may violate a party’s due process rights if it expands the scope of a hearing to matters not noticed, see Axtell v. Abrams, 582 So.2d 145 (Fla. 3d DCA 1991); *579 Epic Metals Corp. v. Samari Lake East Condominium Ass’n, Inc., 547 So.2d 198 (Fla. 3d DCA 1989); Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988), no violation occurred here. Here, the appellants fully participated in all of the motions at the hearing.
This is not a case of a surprise hearing where an unprepared party is forced to litigate an issue it has not yet analyzed. The appellants presumably researched and analyzed the relevant law in preparing their motions. If any party was unjustly surprised by hearing appellants’ motions, it was the appellee. Because the appellants have failed to demonstrate any due process disadvantage, the trial court properly denied their motions. See Dawson v. Saada, 608 So.2d 806 (Fla.1992); Scull v. State, 569 So.2d 1251 (Fla.1990); Florida Power Corp. v. Hamilton, 617 So.2d 333 (Fla. 1st DCA 1993).
Lastly, Couture Farms’ appeal of the denial of its Rule 1.070(i) motion to dismiss for failure to effect service within 120 days of the initial filing is a nonappealable non-final order. See National Powerboat Ass’n v. Calabro, 652 So.2d 508 (Fla. 3d DCA 1995); Polo v. Polo, 643 So.2d 55 (Fla. 3d DCA 1994), rev. dismissed, 651 So.2d 1195 (Fla.1995). Similarly, the denial of the motions to dismiss for failure to state a cause of action are non-appealable and must also be dismissed. See Bay Place Development Corp. v. Ellis First National Bank of West Pasco, N.A, 465 So.2d 628 (Fla. 2d DCA 1985); Owen v. Owen, 427 So.2d 264 (Fla. 5th DCA 1983); Floyd v. Guardian Life Insurance Company of America, 415 So.2d 103 (Fla. 3d DCA 1982).
Affirmed in part and dismissed in part.