KLEIN, J.
The first trial judge assigned to this case recused, on his own, because the law firm representing the defendants was representing him on a personal matter. Sometime thereafter, the case was reassigned to the same judge, who was no longer represented by the law firm, and the case proceeded to final judgment. We are compelled to reverse because of the rule that any orders entered after disqualification were void, even though there was no objection to the reassignment.
The lawsuit was filed in June 2000, and in May 2001, Judge Fleet recused himself on his own, noting that the law firm representing the defendants was also representing him in a personal matter. The case was then reassigned to Judge Green. In April 2002, counsel were notified by Judge Green’s chambers and a supervisor from the clerk’s office that a hearing set the next day was being cancelled because the case was being reassigned to Judge Fleet. A. year later, during a hearing, Judge Fleet remarked, “I had originally recused because Holland & Knight was one of the law firms. And then that matter was later resolved and the case was put back into the division.”
There was no objection to the reassignment to Judge Fleet, and the case was concluded by entry of a judgment against plaintiff Cusimano on a counterclaim. She now argues that the case should not have been reassigned to Judge Fleet and that all of his orders following his recusal are void.
The present case is not unlike Kells v. Davidson, 102 Fla. 684, 136 So. 450 (Fla.1931), in which the trial judge had recused himself on his own and the case was reassigned to him without objection after the original reason for disqualification no longer existed. Our supreme court held that, even though there was no objection, all *628 orders entered after the disqualification were void and of no effect. Davis v. State, 849 So.2d 1137 (Fla. 1st DCA 2003) and Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976). See also Fisher v. State, 840 So.2d 325 (Fla. 5th DCA 2003) (failure to object in trial court does not preclude appellate review of order which is void).
Reversed.
GROSS and MAY, JJ., concur.