IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NICHOLAS A. CASINA,

       Appellant,

v.

       Case No. 5D22-482
       LT Case No. 2020-DR-13834-X

DULCE CASINA,

       Appellee.

_____/

Opinion filed November 14, 2022

Appeal from the Circuit Court
for Brevard County,
Christina Serrano, Judge.

Lindsey M. Sharp, of Sharp &
Dye Attorneys, Indialantic, for
Appellant.

Charles A. Kohler, Satellite Beach,
for Appellee.

EVANDER, J.

       Nicholas Casina ("Husband") appeals the order denying his motion to

set aside final judgment of dissolution of marriage. Because the final

judgment was entered in violation of Husband's due process rights, we reverse.

The record reflects that the parties appeared before the trial court on June 17, 2021, for a hearing on a motion for contempt filed by Dulce Casina ("Wife"). Wife's motion for contempt was based on Husband's failure to produce mandatory disclosure documents. The motion correctly recited that the trial court had already entered two separate orders compelling Husband to produce the required documents. In her motion, Wife requested the trial court find Husband in contempt, again order Husband to produce all mandatory disclosure documents, order Husband to pay the attorney's fees incurred by Wife as a result of Husband's failure to comply with his mandatory disclosure obligations, and grant such other relief as deemed fair and just.

No order was entered on Wife's motion for contempt. Rather, on August 19, 2021, two months after the contempt hearing, Wife filed a "Renewed Motion for Final Judgment of Dissolution of Marriage After Judicial Default." Attached to the motion was Wife's affidavit in support of entry of a final judgment, as well as a proposed final judgment. Six days later, the trial court entered a final judgment of dissolution of marriage that was largely identical to the proposed final judgment submitted by Wife. The final judgment

addresses, among other things, child related issues, equitable distribution, alimony, marital liabilities, and attorney's fees.

Thereafter, Husband timely filed a motion to set aside final judgment of dissolution of marriage, arguing that "[n]o hearing on [Wife's] Motion for Final Judgment was ever coordinated, scheduled, or noticed." The trial court denied Husband's motion, finding that default was entered against Husband as a sanction for his failure to comply with the court orders regarding production of mandatory disclosure documents.

"A trial court violates a litigant's due process rights when it is expands the scope of a hearing to address and determine matters not noticed for hearing." *Margulies v. Margulies*, 528 So. 2d 957, 959 (Fla. 3d DCA 1988). Here, Husband was noticed for a motion for contempt hearing, not a final hearing. Indeed, the final judgment begins with a recitation that "[t]his cause was heard by the Court on June 17, 2021 on a Motion for Contempt."

Additionally, even if the trial court had struck Husband's pleadings and entered a default as a sanction, it was still improper to conduct a final hearing at a hearing noticed for a motion for contempt. Florida's Family Law Rules of Procedure do not contemplate conducting trial at the same time as the entry of default. *See* Fla. Fam. L. R. P. 12.440(c) ("In the event a default has been

3

entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law.").

We reverse the trial court's order denying Husband's motion to set aside final judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

LAMBERT, C.J., and HARRIS, J., concur.