314 So.2d 187 (1975)
Robert N. WHITE, Appellant,
v.
Francys S. WHITE, Appellee.
No. 74-448.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
Rehearing Denied July 8, 1975.
*188 George Ritchie, Cocoa, for appellant.
Kendall T. Moran, Titusville, for appellee.
SEAY, RUSSELL E., Jr., Associate Judge.
After approximately 32 years of marriage, appellant-husband, petitioner below, filed a petition seeking a dissolution of the marriage. The parties had accumulated a considerable amount of properties, jointly and separately. The parties did not enter into a property settlement agreement and so the court undertook the task of determining the property rights of the parties. Neither party is happy with the rulings made by the trial judge in his final judgment. The husband has appealed and the wife has cross-appealed.
The final judgment, among other things, awarded the marital residence and 75 acres of North Carolina property to the wife. Both of these properties were jointly owned as an estate by the entireties. The husband was also ordered to pay off the amount remaining owed on the mortgage encumbering the marital residence. The judgment specified that the above mentioned award was made as lump sum alimony.
The record discloses that the wife possesses a separate estate considerably larger than that of the husband and she derives a passive income from her estate which will adequately care for her needs in the future, without requiring her to seek gainful employment. The record also indicates that the husband's separate estate is smaller and his future income will be less than the wife's.
The law is now well established that a wife is not entitled to alimony, lump sum, permanent or rehabilitative, unless she can show a need therefor. It must also be shown that the husband has the ability to pay the alimony. Calligarich v. Calligarich, Fla.App. 1971, 256 So.2d 60; Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825; Beard v. Beard, Fla.App. 1972, 262 So.2d 269; Roberts v. Roberts, Fla.App. 1973, 283 So.2d 396.
Because of the wife's separate estate which provides her with ample income, she has failed to show a need for any kind of alimony. Also, there was no finding by the trial court that the wife had a special *189 equity in the property, nor did either party properly request the court to partition the property.
The final judgment is modified by eliminating therefrom paragraph numbered "4" by which the appellee-wife was awarded certain real and personal property (including mortgage payments) as lump sum alimony.[1] As thus modified, the final judgment is affirmed, the remaining points raised by the parties being without merit.
Affirmed, as herein modified.
OWEN, C.J., and DOWNEY, J., concur.
NOTES
[1] Appellant abandoned his assignment of error directed to an award of $1,500.00 alimony payable $150.00 per week for ten weeks.