349 So.2d 849 (1977)
STATE of Florida ex rel. Glenwood Brooks COBB, Sr., Relator,
v.
The Honorable W.L. BAILEY, As Circuit Judge of the Fourteenth Judicial Circuit of the State of Florida, Respondent.
No. HH-68.
District Court of Appeal of Florida, First District.
September 19, 1977.
*850 Bill A. Corbin Law Offices, P.A., Blountstown, for relator.
Robert L. Shevin, Atty. Gen., Douglas C. Kearney, and Joseph W. Lawrence, II, Asst. Attys. Gen., Tallahassee, for respondent.
SMITH, Judge.
We issued a rule nisi in prohibition on relator's showing that the respondent circuit judge, having recused himself from consideration of the dissolution issues in this case of marital strife, improperly proceeded to hear and determine the wife's motion for contempt process against relator. Respondent has filed a return to the rule and we have considered the case on briefs and a transcript of the circuit court's proceedings. The respondent circuit judge, sensitive to an appearance of impropriety in his consideration of emotional issues between parties with whom the judge had social and business relations for "quite a long time," invited an oral suggestion for recusal, which relator made, and recused himself from consideration of the case. The court reserved power, however, to act immediately on imminent questions of temporary alimony and child support and temporary use and possession of an automobile and household items. While relator acquiesced in the court's retention of limited jurisdiction, relator affirmatively objected when, nearly four weeks later, the respondent judge undertook disposition of the wife's petition that relator be held in contempt for disobedience to the court's order temporarily regulating the parties' property affairs pending a full hearing before another judge.
We consider that the respondent judge's recusal order effectively deprived that judge of authority to preside in the contempt proceedings. In these circumstances, the trial court's order temporarily fixing the parties' obligations pending final hearing may stand, but the wife's petition for contempt proceedings should have been and must now be referred to another circuit judge. A recusal entered on informal motion in lieu of formal disqualification proceedings ends the judge's power to take part in the disposition of the case. Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla. 2d DCA 1975). The contempt order is vacated and a writ of prohibition will issue.
MILLS, Acting C.J., and ERVIN, J., concur.