367 So.2d 248 (1979)
Stanley Daniel CAIDIN, Appellant,
v.
Carol S. CAIDIN, Appellee.
No. 78-382.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Rehearing Denied February 28, 1979.
*249 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Tobias Simon and Jennifer Hurst, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the husband from a judgment of dissolution of marriage. The parties were married in 1950. Four children were born of the marriage. At the time of the judgment, March 21, 1977, three of the children had attained majority, and one was a minor 13 years of age. In her dissolution action, the wife sought custody of the minor child, child support, and temporary and permanent alimony, and claimed special equities in certain properties. The husband answered denying the wife's claim of special equities, and by counterclaim alleged and claimed special equities in the properties and assets of the wife.
The court noted that the parties owned properties and assets, as listed in certain filed exhibits.[1] The court held neither of the parties established a special equity in the property of the other. The wife was granted custody of the minor child, with child support of $60.00 per week, and was awarded possession and use of the marital home until she should remarry or the child should attain majority, with the wife being required to pay all expenses of the home property. The parties' separate ownership of properties was preserved. The husband was ordered to pay the loan obligation of $20,000.00 for which certain stock of the wife had been pledged. As an award of alimony, by lump sum, the husband was ordered to convey to the wife his one-half interest in property designated as 1400 NW Third Street, in Miami.[2]
On appeal, the husband contends the court erred in three respects, (1) by awarding the alimony, (2) by requiring him to pay the joint obligation for which stock of the wife was pledged and (3) in denying his claim of special equity in the wife's interests in the jointly owned properties. On consideration thereof, we hold no reversible error has been shown.
The appellant argued there was no showing of need for alimony and, therefore, the award was improper, citing Gordon v. Gordon, 192 So.2d 514, 517 (Fla.1st DCA 1966); Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); and Gesford v. Gesford, 337 So.2d 1017, 1018 (Fla. 4th DCA 1976). On the evidence the court concluded there was a showing of need for alimony and made the alimony award above described. We hold the evidence was sufficient to support that ruling, and that no abuse of discretion was shown. Several years prior to the dissolution proceeding, the husband, who is a lawyer, suffered illness which has resulted in his inability to earn any substantial amount from law practice. During that period, by training, the wife has become a respiratory therapist technician, and as such *250 has obtained employment at a hospital, earning $450.00 per month. To the satisfaction of the trial court the wife made a showing that in addition thereto, and to other income she would receive, she had need for alimony for her support. The decision of the court to award alimony was made with awareness of the assets and financial circumstances of the parties. That matter was within the court's discretion. Section 61.08, Florida Statutes (1977), authorizes the court to grant alimony, with further provision that when making an award of alimony "the court may order periodic payments or payments in lump sum or both," and further that in determining a proper award of alimony the court may consider any facts necessary to do equity and justice between the parties.
An award of alimony to the wife in this case was not error, and in the circumstances relating to the husband, in our view, the court properly and wisely elected to provide for payment of the alimony by lump sum, rather than by ordering periodic payments to be made by the husband.
We reject as inapplicable to this case the argument of the appellant, relying on Ball v. Ball, 335 So.2d 5 (Fla. 1976), that in a proceeding for dissolution of marriage the law does not permit the court to award to a wife a property or property interest of the husband unless the wife has established a special equity therein. In the instant case the award to the wife of the husband's interest in an apartment house property jointly owned by the parties was an award of property as alimony, in lump sum. An award of alimony, of that character, by lump sum, is not improper. Bezanilla v. Bezanilla, 65 So.2d 754 (Fla. 1953); Banfi v. Banfi, 123 So.2d 52, 53 (Fla.3d DCA 1960); Steinhauer v. Steinhauer, 252 So.2d 825, 830 (Fla.4th DCA 1971); Collazo v. Collazo, 318 So.2d 164 (Fla.3d DCA 1975).
Appellant argues the court was without authority to award alimony in lump sum because the wife, in her petition for dissolution of marriage, did not "allege a claim for lump sum alimony," citing Foxx v. Foxx, 357 So.2d 754 (Fla.1st DCA 1978), in which the court so stated. Here the wife's petition alleged a claim for temporary and permanent alimony. It is true that the wife in her petition did not undertake to tell the court how to order the payment of such alimony as should be allowed, that is, as to whether the payment of alimony allowed should be ordered to be made by periodic payments or by lump sum payment or by both. However, authority to choose the method of payment of alimony was not granted by law to the petitioner but to the court, by Section 61.08, Florida Statutes (1977). To the extent that entitlement to alimony could be made to depend on a request for it by the wife in her pleading, she complied by her request therein for an allowance of alimony. Moreover, as noted in the brief of the appellant, the court permitted the wife to testify, at the hearing, for an award of the husband's interest in the particular property, as lump sum alimony, for her support.
Appellant argues the alimony award was excessive, for the reason that the value of the property and its income were greater than shown for it on the property list, Schedule 1. The court was not misled in that regard. During testimony regarding the apartment building, the wife represented to the court that the income from said property would be approximately $1,000.00 per month. The matter of determining the amount of alimony to be awarded was one within the sound judicial discretion of the court, and no palpable abuse of discretion therein was shown.
We find no error in the court's ruling requiring the husband to discharge the indebtedness for which certain stock of the wife was pledged. The evidence shows the wife did not receive the proceeds of the loan for which the stock was pledged. Also, we hold the court did not commit error in rejecting the claim of the husband to special equities in the wife's interests in the jointly owned properties. That holding of the trial court is supported by competent substantial evidence.
For the reasons stated above, the judgment is affirmed.
NOTES
[1] Exhibit 1 listed six properties owned by the parties as tenants by the entireties, valued in aggregate at $111,200.00, supplying monthly income of $450.00. Included therein was the parties' residence property given an equity value of $40,000.00. Exhibit 1 showed separate properties and assets of the wife, in approximate value of $134,700.00, yielding monthly income of $650.00. Included therein was $11,200.00 in cash, and certain stock valued at $20,000.00 which had been pledged for a loan of the parties. Exhibit 1 listed properties and assets separately owned by the husband in approximate value of $254,000.00 (including $19,000.00 in cash) with monthly income of $990.00 from such properties. Exhibit 2 listed numerous stocks and bonds owned by the parties.
[2] That property was listed in Exhibit 1 as having an equity value of $30,000.00 and as producing income of $250.00 per month.