386 So.2d 1294 (1980)
Lawrence G. NUSBAUM, Appellant,
v.
Norma B. NUSBAUM, Appellee.
No. 79-1652.
District Court of Appeal of Florida, Fourth District.
August 13, 1980.
David L. Kline of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellant.
Thomas P. Quinn, Lauderdale by the Sea, for appellee.
DOWNEY, Judge.
This is an appeal from a final judgment in a dissolution of marriage proceeding. The husband complains about two aspects of the judgment which a) awarded the wife lump sum alimony in the amount of $125,000 and b) awarded the wife one-half of a $15,000 certificate of deposit. The husband contends both awards were erroneous, relying upon Yandell, White and Simpson,[1] among others, to demonstrate that the lump sum award was wrong; and Ball[2] to show the certificate of deposit distribution was improper. We affirm the lump sum alimony award and reverse the award regarding the certificate of deposit.
The trial judge found that the parties were married for eighteen years; the husband, age seventy-seven, and wife, age sixty-nine, *1295 both suffered from medical disabilities and the wife was not employable. The husband had a net estate of approximately $850,000 and an annual income of approximately $55,000. This income was generated from the husband's investments, as he was not employed or engaged in any income producing business. The wife had assets valued at $60,000 and income annually of approximately $4,000. During the marriage the parties maintained a luxurious standard of living and the husband admits the award of lump sum alimony will not impair his financial status.
The evidence reflects that in 1978 the wife was dissatisfied with the provisions made for her in the event of her husband's death and so she prevailed upon him to purchase a $15,000 certificate of deposit and place it in their joint names. They orally agreed that it was to help take care of her in case he died. In order to purchase the certificate of deposit the husband borrowed the money from a bank on his signature alone and all of the income from the certificate went solely to him. She readily admitted the funds were his.
The trial court, among other things, awarded the wife lump sum alimony in the amount of $125,000 and held that she was entitled to one-half of the jointly held certificate of deposit.
Regarding the award of lump sum alimony, appellant's first contention is that such an award was defective because the appellee wife had not specifically prayed for lump sum alimony. In fact, she did pray for temporary and permanent alimony. The identical argument was made in Cyphers v. Cyphers, 373 So.2d 442 (Fla. 2d DCA 1979), and Caidin v. Caidin, 367 So.2d 248 (Fla. 3rd DCA 1979), and both courts rejected it. The Caidin court said:
Appellant argues the court was without authority to award alimony in lump sum because the wife, in her petition for dissolution of marriage, did not `allege a claim for lump sum alimony,' citing Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978), in which the court so stated. Here the wife's petition alleged a claim for temporary and permanent alimony. It is true that the wife in her petition did not undertake to tell the court how to order the payment of such alimony as should be allowed, that is, as to whether the payment of alimony allowed should be ordered to be made by periodic payments or by lump sum payment or by both. However, authority to choose the method of payment of alimony was not granted by law to the petitioner but to the court, by Section 61.08, Florida Statutes (1977). To the extent that entitlement to alimony could be made to depend on a request for it by the wife in her pleading, she complied by her request therein for an allowance of alimony. 367 So.2d 250.
We find the award of lump sum alimony justified under the recent holding by the Supreme Court of Florida in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). There the Court said a lump sum award is proper:
... provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. 382 So.2d at 1201.
The Canakaris Court pointed out that in making the determination to award lump sum alimony the trial judge is exercising a broad discretion to ensure equity and justice between the parties. Appellate courts were admonished to exercise restraint and caution in reviewing the trial court's exercise of its discretion and to keep hands off unless that discretion is exercised in an arbitrary, fanciful or unreasonable way.
Adverting once again to the facts of this case, the husband's assets are adequate quantitatively to meet the lump sum award. Furthermore, the length of the marriage, the life style of the parties, their age and health at the time of the dissolution all demonstrate the award was not arbitrary, fanciful or unreasonable.
The appellant contends that the lump sum award was actually an attempt by the trial judge to fashion a post death *1296 allowance for the wife in view of the husband's poor health.[3] Such a consideration in the award of lump sum alimony does not constitute an abuse of discretion providing it achieves the most equitable result. As the Court stated in Canakaris:
... [A] trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.' 382 So.2d at 1204.
With regard to the certificate of deposit, we find the refusal to award the husband a special equity in the certificate of deposit was error based upon Ball v. Ball, supra. Ball stands for the proposition that record title governs unless one party can plead and prove a special equity in the property. A party may establish a special equity by proving an extraordinary contribution toward the subject property. A special equity is created by an unrebutted showing that all consideration for the property was supplied by one spouse from a source clearly unconnected with the marital relationship. The other spouse may negate this showing by proving there was a gift intended.
In the instant case the uncontroverted testimony is that Lawrence Nusbaum supplied all the consideration for the $15,000 certificate of deposit by borrowing the money from a lending institution to purchase the certificate. Since he did not work, the repayment of said loan would, of necessity, have to come from income from his assets which predated the marriage, or from liquidation of some of those assets. The appellee made no contribution whatsoever toward the certificate and she admitted the funds were his. The evidence does not suggest that a gift was intended. The sole purpose of the $15,000 joint fund was to provide for Norma in the event of Lawrence's death. Applying the Ball analysis to the facts herein it would appear that a reversal is in order on this point.
Accordingly the judgment appealed from is affirmed in all respects except as to Paragraph 6 of the decretal portion of the judgment directing the certificate of deposit be exchanged for cash and divided equally between the parties. Upon remand the trial court is directed to award the certificate of deposit to appellant.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] Yandell v. Yandell, 39 So.2d 554 (Fla. 1949); White v. White, 314 So.2d 187 (Fla. 4th DCA 1975); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979).
[2] Ball v. Ball, 335 So.2d 5 (Fla. 1976).
[3] During the pendency of this appeal a suggestion of death was filed as to the appellant, Lawrence G. Nusbaum.