PER CURIAM.
This is a consolidated appeal from an order granting summary judgment and voiding a mortgage held by appellant Esteban, and from a final judgment awarding Sandra Cordoba, as lump sum alimony, Jaime Cordoba’s interest in their jointly held property. We reverse.
“It is axiomatic that summary judgment may not be used as a substitute for trial and that if the pleadings, depositions, answers to interrogatories, admissions, affidavits and other evidence in the file raise the slightest doubt upon any issue of material fact then a summary judgment may not be entered.” Unijax, Inc. v. Factory Insurance Association, 328 So.2d 448, 449 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1086 (Fla.1976). Furthermore, “[T]he burden of proving the absence of a genuine issue of material fact is upon the party moving for summary judgment . . . . ” Steinhardt v. Lehman, 338 So.2d 64, 65 (Fla. 3d DCA 1976). Applying these dual standards to the case at bar, we find that appellee, Sandra Cordoba, failed to establish conclusively the absence of a genuine issue of material fact. For example, although she advanced the legal conclusion that the mortgage in question was invalid, she failed to establish facts showing that the power of attorney utilized to procure the mortgage had been revoked or was otherwise improperly used. Moreover, appellee totally failed to either disprove the affirmative defenses asserted by appellants or establish the legal insufficiency of those defenses. See Bunner v. Florida Coast Bank, 390 So.2d 126 (Fla. 4th DCA 1980). Therefore, we reverse the order granting summary judgment.
In light of the above action, we are also compelled to reverse those portions of the final judgment which awarded Jaime Cordoba’s interest in the jointly held property to Sandra Cordoba, and which awarded Sandra Cordoba’s interest in certain property in Columbia to Jaime Cordoba. Both awards were predicated upon the belief that the jointly held property was unencumbered. Since that is no longer certain, the trial court should have the flexibility to reconsider the issue of alimony. Cf. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). In taking this course, we express no opinion as to the form or amount of the prior award.
REVERSED and REMANDED.
MOORE, BERANEK and HURLEY, JJ., concur.