399 So.2d 1126 (1981)
Dallas Henry HARTLEY, Appellant,
v.
Jeanette Janie HARTLEY, Appellee.
No. 80-1373.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Donald J. Murray, Miami, for appellant.
Howard B. Herskowitz of Law Offices, Compton & Herskowitz, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
On appeal Dallas Hartley seeks to have set aside those portions of a final judgment of dissolution which awarded his former wife attorney's fees and his one-half interest in the marital home as lump sum alimony. We affirm.
This is a long term marriage. The parties were married in 1954 and have two children, both of majority age but who still reside in the marital home with their mother. At the time of dissolution Mr. Hartley was aged 52 and Mrs. Hartley in her midforties. Throughout the marriage, Mrs. Hartley was the homemaker for the family and Mr. Hartley the breadwinner. As a *1127 result Mrs. Hartley has no particular employment skills. Mr. Hartley earned $26,000 yearly as an employee of the Federal Aviation Authority, but in 1978 he suffered a work-related injury and was granted a permanent, tax-free disability pension of $1,250 per month, with provisions for periodic cost of living increases.
The couple's property assets consisted of the marital home valued at $55,000 and encumbered by a $13,000 mortgage payable at the rate of $154 per month, and three undeveloped pieces of property located in the Palatka area. Except for $2,434.56 in cash which the husband had withdrawn from one of the couple's credit union accounts, neither party had substantial liquid assets. For a short time prior to the final hearing Mrs. Hartley was employed as a bookkeeper earning $640 per month and Mr. Hartley worked part time earning an additional $600 monthly. Neither party was actually employed at the time of the final hearing, although Mrs. Hartley does not dispute the assertion that she could return to the bookkeeping job. In addition, it was disclosed that Mr. Hartley had suffered through periods of depression and had recently displayed violent tendencies towards his wife.
The trial judge awarded Mr. Hartley's interest in the marital home to Mrs. Hartley as lump sum alimony, and directed that Mr. Hartley pay a substantial portion of Mrs. Hartley's attorney's fees. No periodic alimony was awarded. Mr. Hartley was awarded full ownership of the three undeveloped pieces of property located in the Palatka area, admittedly of modest value, and was also permitted to keep the $2,434.56 which he had withdrawn from one of the couple's credit union accounts. Mr. Hartley alleges that the trial judge abused his discretion in fashioning the awards of lump sum alimony and attorney's fees. We disagree.
In Florida a trial judge possesses broad authority upon the dissolution of a marriage to fashion an equitable distribution of the marital partners' financial resources based upon the needs and abilities of the partners and a consideration of the role played by each during the course of the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Section 61.08, Florida Statutes, provides the trial court may consider "any factor necessary to do equity and justice between the parties" in determining the amount and form of alimony to be awarded in a dissolution proceeding.
Once decided, a property disposition fashioned by a trial court in a dissolution proceeding should not be disturbed on appeal if "reasonable men could differ as to the propriety of the action." Canakaris, supra, at 1203.
In Canakaris, trial judges were freed from previous technical restraints imposed on the utilization of lump sum alimony as a tool to help fashion an equitable solution to the financial problems created by dissolution:
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.
382 So.2d at 1201. We have interpreted Canakaris as imposing considerable limitation on appellate review of a lower court award of lump sum alimony:
The Canakaris court pointed out that in making the determination to award lump sum alimony the trial judge is exercising a broad discretion to ensure equity and justice between the parties. Appellate courts were admonished to exercise restraint and caution in reviewing the trial court's exercise of its discretion and to keep hands off unless that discretion is exercised in an arbitrary, fanciful or unreasonable way.
Nusbaum v. Nusbaum, 386 So.2d 1294, 1295 (Fla. 4th DCA 1980).
In deciding to award Mr. Hartley's interest in the marital home as lump sum alimony, the trial judge was apparently influenced by evidence of Mr. Hartley's poor *1128 health and his status as a retired worker receiving $1,250 per month for life, with periodic cost of living increases. A trial judge may properly consider the husband's health in determining whether to award a wife lump sum alimony as an alternative to periodic alimony. Nusbaum v. Nusbaum, supra; Caidin v. Caidin, 367 So.2d 248 (Fla.3d DCA 1979), cert. denied 381 So.2d 765 (Fla. 1980). The usually unspoken but sometimes very legitimate fear, of course, is that if periodic alimony is ordered and the husband dies shortly thereafter, his former wife may be left destitute. In addition, the trial court could consider the relatively low expense for monthly maintenance of the marital home compared to the expense that would face the wife with her modest earning capacity in renting or purchasing a new home in today's market place. The award also ensures that the parties enjoy a fair degree of independence from one another, a concern which, in light of the evidence of Mr. Hartley's violent tendencies, we believe may properly have been considered.
Mr. Hartley suggests that this arrangement was unfair because it stripped him of his only substantial asset, his interest in the home. He suggests that an award of permanent periodic alimony coupled with an award to the wife of exclusive possession of the home would be more equitable. However, in our review, he overlooks the fact that his substantial tax-free pension is a major resource that is left untouched by the trial court's award. In addition, in view of the difference in ages of the parties and the health of the husband, it is doubtful that he would ever receive any actual benefit from his interest in the home if the wife were given exclusive possession. In any case, the trial court is not bound to fashion a perfect remedy, only a reasonable and fair one, and we believe it has done so here.
In sum, we believe this case exemplifies the intelligent use of lump sum alimony as a device that may be employed by a trial court to see that justice is done between the parties under the principles of Canakaris, supra. We also believe that the trial judge properly exercised his discretion in directing that Mr. Hartley pay a substantial portion of Mrs. Hartley's attorney's fees.
Accordingly, the judgment of the trial court is affirmed.
GLICKSTEIN and HURLEY, JJ., concur.