402 So.2d 20 (1981)
Conchita PALMAR, Appellant,
v.
Emilio PALMAR, Appellee.
No. 80-1496.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied August 25, 1981.
*21 Prunty, Ross, Olsen & Israel and John W. Prunty; Harold Peter Barkas, Miami, for appellant.
Koeppel, Stark & Newmark and Gary M. Carman, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
The wife appeals and the husband cross-appeals from a final judgment of dissolution of marriage, the wife contending there is insufficient evidence to support the awards for child support, attorney's fees, and lump-sum alimony, and the husband contending that there was no valid marriage and no justification for the lump-sum alimony award of $37,000.
Conchita and Emilio Palmar were first married on July 5, 1974. That marriage was dissolved on September 30, 1974. On June 11, 1978 the parties were re-married in Las Vegas, Nevada, a marriage the husband claims was never consummated. Prior to and during the interval between the two marriages, the parties shared a relationship with the husband providing support for the wife and a child born to the couple sixteen years before dissolution of the second marriage on May 29, 1980.
The husband stipulated to his financial ability to pay any award determined *22 reasonable by the court[1] and we find no error in denying the wife discovery of husband's financial assets. The husband also stipulated that he would pay tuition for a private high school and for four years of college including travel and expenses. Where neither party objected to the use of proffers by counsel as a means of determining child support, we may not consider the issue raised for the first time on appeal. See, e.g., Hartley v. Florida East Coast Railway Co., 339 So.2d 630 (Fla. 1976); Johnson v. RCA Corp., 395 So.2d 1262 (Fla.3d DCA 1981); Allender v. First Federal Savings & Loan Association of Titusville, 389 So.2d 1226 (Fla.5th DCA 1980); Jaruagua Enterprises, Inc. v. Dom, Inc., 339 So.2d 702 (Fla.3d DCA 1976). Nor do we find here a fundamental error justifying exception to the above rule. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).
We find no error in the trial court's determination that a valid, if short-lived, marriage was entered into by the parties on June 11, 1978.
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose including an award of lump-sum alimony. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no findings of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Where the record brought forward by appellant is inadequate to demonstrate reversible error the trial court should be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
We cannot find an abuse of discretion in the $7,500.00 award of attorney's fees to wife where counsel for the parties stipulated that such an award was reasonable and the record shows the attorney filed a complaint, an amended complaint and motions on behalf of the wife and participated in two proceedings before the circuit court of Dade County on behalf of the wife.
Affirmed.
NOTES
[1] It is unclear whether the stipulation is limited to an award for child support.