422 So.2d 1066 (1982)
Barbara L. WALES, Appellant,
v.
Robert E. WALES, Appellee.
No. AK-306.
District Court of Appeal of Florida, First District.
December 1, 1982.
Gary C. Pajcic of Pajcic, Pajcic, Dale & Bald, Jacksonville, for appellant.
*1067 Gene T. Moss of Moss & Edwards, Jacksonville, for appellee.
MILLS, Judge.
In this appeal from the trial court's final judgment of dissolution of marriage, the wife contends that the trial court erred in incorporating the terms of an antenuptial agreement into the final judgment and in implicitly holding that the agreement had not been abandoned by the parties. We disagree.
On 31 January 1980, one day before their marriage, husband and wife entered into an antenuptial agreement which, among other things, provided that the wife was to transfer certain property located on Jose Terrace from her name into the joint names of her and her husband. The parties further agreed that all property acquired during the marriage would be jointly owned and that in the event of divorce, wife was to receive sole ownership of the Jose Terrace property and two-thirds of the property acquired during the marriage.
The parties acquired six parcels of real estate during the marriage. Three of these parcels were jointly owned, two of them were owned and mortgaged solely by the wife, and one of them was owned by the wife but mortgaged by the husband. The Jose Terrace property was never deeded by the wife as required by the agreement. In the final judgment of dissolution, the trial court upheld the antenuptial agreement, awarding the wife sole ownership of the Jose Terrace property and two-thirds ownership in the six parcels of real estate.
An antenuptial agreement may be abandoned by the parties when the actions of one party are inconsistent with the existence of the contract and such actions are acquiesced in by the other party. McMullen v. McMullen, 185 So.2d 191 (Fla. 2d DCA 1966). However, the question of whether there has been an abandonment is one of fact. Sinclair Refining Co. v. Butler, 172 So.2d 499 (Fla. 3d DCA 1965); 17 Am.Jur.2d, Contracts, § 484. Findings of the trial court come clothed with the presumption of correctness and will not be disturbed absent a showing that there was no competent evidence to sustain them. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981). Though the husband testified that he did not know any of the realty acquired during the marriage was jointly owned, there is still some evidence to indicate that the parties intended to live by the terms of the contract. Therefore, we decline to disturb the trial court's finding on appeal.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.