424 So.2d 977 (1983)
Richard A. McBRIDE, Appellant,
v.
Joyce McBRIDE, Appellee.
No. 81-2060.
District Court of Appeal of Florida, Fourth District.
January 12, 1983.
*978 Warwick, Campbell & Hewitt, Palm Beach, Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for appellant.
Willard C. Wheeler, Jr., Jupiter, for appellee.
DOWNEY, Judge.
Appellant, Richard A. McBride, seeks reversal of that portion of a final judgment of dissolution of marriage awarding the appellee, Joyce McBride, one half of certain property owned by the husband prior to the marriage as lump sum alimony.
The husband and wife are 47 and 37 years of age respectively. The marriage lasted approximately fourteen years and produced two children who are now teenagers. The husband is a Certified Public Accountant who grosses about $79,000 per year and nets approximately $26,000 before taxes. The wife, a high school graduate, worked at various unskilled jobs. At the time of the marriage, the husband owned real and personal property valued at approximately $89,000, including the home wherein the family resided during the marriage. At the time of the dissolution, the parties had accumulated additional property including stocks, an interest in real property, automobiles and bank accounts valued at approximately $21,000. As a result of a business failure, the husband incurred a debt of $40,000. The evidence indicated that during the separation of the parties the husband paid to or on behalf of the wife and children approximately $900 per month for household and living expenses plus $125 per week. When asked if she and the children were able to get along on that sum, the wife answered, "Barely, but we do it."
The final judgment under review awarded custody of the children to the wife, divided equally all of the property acquired before and during the marriage subject to all outstanding debts, gave the wife $125 per week permanent periodic alimony, suit money and her attorney's fees.
The husband takes no issue with the award of permanent periodic alimony or the division of the property acquired during the *979 marriage. He contends, however, that awarding the wife a one-half interest in the property which the husband owned prior to the marriage as lump sum alimony was an abuse of discretion. We hold there is merit in the husband's argument and reverse the award to that extent, subject to our subsequent discussion as to the marital home.
Clearly an alimony award is justified in this case. After dividing the property accumulated during the marriage, the wife's needs remain unfulfilled. Following the long standing rule laid down in Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), and once again approved in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and followed in Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980), the better practice generally is to grant periodic payments of permanent alimony. If the needs to be met can then be satisfied resort to lump sum alimony is generally inappropriate. But if the circumstances of the parties are such that permanent periodic alimony is unsuitable and the more affluent spouse has sufficient property to accommodate a lump sum award, the trial court is entitled to use that vehicle to meet the need even though acquisition of the property was not associated with the marriage. An award of lump sum alimony in property not associated with the marriage is only appropriate upon a showing of a special reason or a great need. Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1977).
The circumstances of these parties present "a mixed bag" which require an award of both permanent periodic and lump sum alimony. However, in our view, the guidelines set forth in Yandell, Canakaris and Rosen would be met by the award of permanent periodic alimony contained in paragraph C of the judgment together with the lump sum award of a one-half interest in the property acquired during the marriage, the lump sum award of a one-half interest in the marital home and possession of the home during the minority of the children. The justification for invading the husband's separate property acquired from sources unconnected with the marital relation only exists vis-a-vis the marital home. The needs of the wife and children support the trial judge's decision to include that property in his lump sum award. The record is devoid of justification for awarding the wife an undivided half interest in the remainder of his separate property.
Accordingly, the judgment appealed from is affirmed. However, as to the award to the wife of a one-half interest in all of the husband's separate property described in paragraph 5 of the judgment, that award to the wife of a one-half interest in the efficiency fourplex, the interest in the Mangonia Lots and the Silver Coin Collection is reversed.
AFFIRMED in part and REVERSED in part.
ANSTEAD and GLICKSTEIN, JJ., concur.