429 So.2d 846 (1983)
Daniel Joseph BROWN, Appellant,
v.
Catherine Mary BROWN, Appellee.
No. 82-950.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
*847 Clifford M. Miller of Miller & Miller, Vero Beach, for appellant.
Norman A. Green, Vero Beach, for appellee.
WALDEN, Judge.
The husband appeals from a final judgment of dissolution of marriage.
The appellate issue is whether or not the husband is entitled to a special equity in the home and its furnishings.
His claim for same was denied. The judgment left the parties as tenants in common since there was "insufficient evidence under Ball v. Ball or Canakaris v. Canakaris, to show an intention of anything other than joint tenancy."
While the wife has not appealed, we note that she did not receive alimony or attorney fees based, apparently, on this comment, "The Court does not feel, because of the length of the marriage, the fact that the wife will shortly be receiving substantial amounts from the home, that any alimony should be paid in this action."
The parties married on May 1, 1981, and separated by November 15, 1981. Due to the husband's occupation they actually spent only some 40 days together. There were no children of the marriage.
The equity in the home is $55,000.00. The furnishings therein cost about $11,000.00. All of the money used to purchase the home and contents came from the husband's premarital savings account. The wife paid nothing and this is all without dispute.
The home is titled in both names. The closing took place in Florida. Because the husband was working out of state, the wife came down to Florida from Wisconsin, handled the closing and set up the household.
While the wife testified that she "brought $10,000.00 into the marriage," the wife has no proof to support this figure. She then admits that she did not give her husband any of such sum.
There is no testimony concerning gift or donative intent. As to the deed being placed in joint names, it does not appear that the parties discussed it or considered the impact. Forasmuch as the record shows, the deed was placed in joint names as a happenstance in the husband's absence without any particular motive, desire or design.
We now address the cases relied upon by the trial court. In Ball v. Ball, 335 So.2d 5 (Fla. 1976), this rule evolved:
that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended.
Applying the rule we see that at hand we have an unrebutted showing by the husband that all of the consideration for the home and furnishings was supplied by the husband from a source unconnected with the marital relationship. We then observe that the wife produced no evidence that a gift was intended. The situation is made even more poignant in light of the size of the equity and the shortness of the marriage. Clearly the husband was entitled to a special equity amounting to the whole of such property.
*848 Without laboring it, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) does not support the trial court decision. Rather it supports a contrary result. We feel this quote from Canakaris at page 1200 explains the viability of "special equity" and that the term should not be used as a substitute for lump sum alimony:
The term "special equity" was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties. Eakin v. Eakin, 99 So.2d 854 (Fla. 1958); Heath v. Heath, 103 Fla. 1071, 138 So. 796 (1932). This vested interest is not alimony. The "special equity" doctrine was developed to avoid the inequities of the existing statutory provision which denied alimony to an adulterous wife despite her special contribution of services or funds over and above normal marital duties. Although the statutory prohibitions underlying the formulation of the special equity doctrine no longer exist, this vested interest aspect of the doctrine remains a viable part of our case law.
The term "special equity" has also been used to justify an award of lump sum alimony. When employed in this context, it concerns only whether the equities of the case justify a lump sum award. The property interest or lien concept of "special equity" is entirely distinct from the determination of parties' equities in a lump sum alimony award. The term "special equity" should not be used when considering lump sum alimony; rather, it should be used only when analyzing a vested property interest of a spouse. See Ball v. Ball, 335 So.2d 5 (Fla. 1976); Eakin v. Eakin; Heath v. Heath.

See also West v. West, 399 So.2d 428 (Fla. 5th DCA 1981).
We reverse and remand with instructions to award the husband a special equity in the home and its furniture and furnishings, which equity shall be 100% of the property rights to such assets. Further, upon remand, the trial court is vested with authority to again consider the financial aspects of the parties as concerns alimony and other related matters so as to do equity and justice between the parties in view of the changes required by this appellate opinion. The trial court may, in its discretion, do this based on the present record or additional testimony may be taken. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). See also Esteban v. Cordoba, 398 So.2d 481 (Fla. 4th DCA 1981) and Goss v. Goss, 400 So.2d 518 (Fla. 4th DCA 1981).
Reversed and remanded with instructions.
HERSEY and HURLEY, JJ., concur.