431 So.2d 716 (1983)
Leonard H. SCHWARTZ, Appellant,
v.
Carol SCHWARTZ, Appellee.
No. 81-2718.
District Court of Appeal of Florida, Third District.
May 24, 1983.
Eleanor Levingston Schockett and Joseph C. Segor, Miami, for appellant.
Melvyn B. Frumkes and Cynthia L. Greene, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
This is the second appeal brought by the husband-appellant from a long, contentious dissolution of the marriage of two people now hostile and litigious. The first appeal involved issues from the final order of dissolution of marriage.[1] Appellant now contests the trial court's order on appellant's motion for directions and other outstanding matters. We affirm the entry of the order.
The facts underlying this latest appeal are as follows: On November 12, 1981, a *717 hearing upon appellant's above-styled motion commenced before the Honorable Milton A. Friedman. Before the hearing began, Judge Friedman announced that appellee had recently moved into his sub-division and was now his neighbor. He offered to recuse himself if either party so desired. After some minimal discussion, focusing chiefly on whether the judge had encountered appellee socially, the parties agreed that recusal was unnecessary and proceeded to the merits of appellant's motion. At the same time, Judge Friedman announced that all of the monetary claims in dispute, and not simply those contained in the husband's motion, would be adjudicated so that the litigation could be ended. Thereafter, the court ruled orally after each item or items were debated; frequently the court ruled adversely to appellant's interests. At the end of the two-day hearing, Judge Friedman, noting that appellee was his next-door neighbor, again asked the husband specifically whether "he had any problem with anything the court had done over the course of the hearing." No objections were raised. A proposed order was submitted by appellee to the appellant five days later. On December 2, 1981, the trial court, having received no objections from appellant concerning the proposed order, signed the order. This detailed order, containing sixteen paragraphs adjudicating all the disputed claims, reduced to writing the rulings made orally during the hearing. Appellant's motion to recuse and to withhold entry of the order was filed the same day.[2]
It is a general rule of law that a party waives any grounds for disqualification of a judge or justice when the suggestion is not filed within a reasonable period of time after having knowledge of such grounds. In Re Estate of Carlton, 378 So.2d 1212 (Fla. 1979), recusal denied, 378 So.2d 1217 (Fla. 1980), cert. denied sub nom Hayes v. Rogers, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980); Data Lease Financial Corp. v. Blackhawk Heating & Plumbing, Inc., 325 So.2d 475 (Fla. 4th DCA 1975). In this case, especially since Judge Friedman alerted counsel at the outset of the hearing, reasonable time had certainly and clearly lapsed by the time the judge entered the order. Moreover, while it is true that once a trial judge recuses himself, further orders thereafter are void, Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977); Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla. 2d DCA 1975); Weiss v. Miami National Bank, 320 So.2d 466 (Fla. 4th DCA 1975), it is also the rule that a trial judge who recuses himself has the authority to enter final judgments on issues already tried, Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (Fla. 1980), or to continue where limited jurisdiction has been retained. State ex rel. Cobb v. Bailey, 349 So.2d 849 (Fla. 1st DCA 1977). These latter propositions state the rule applicable in this case.
Appellant's remaining points assert that the trial court acted arbitrarily in adjudicating the husband's monetary claims against appellee. We find no abuse of discretion in the trial court's rulings on these claims. The trial court's findings come clothed with the presumption of correctness and will not be disturbed absent a showing that there was no competent evidence to sustain them. Wales v. Wales, 422 So.2d 1066 (Fla. 1st DCA 1982). A trial judge possesses broad authority to fashion an equitable distribution of the marital partners' financial resources. Palmar v. Palmar, 402 So.2d 20 (Fla. 3d DCA 1981); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981). If reasonable men could differ as to the propriety of the action taken by the court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Palmar v. Palmar, supra; Hartley v. Hartley, supra. These propositions require that we respect and *718 affirm the rulings of the trial judge in this case.
Affirmed.
NOTES
[1] Schwartz v. Schwartz, 396 So.2d 806 (Fla. 3d DCA 1981).
[2] The order on appellant's motion for directions was filed with the clerk's office on December 7, and was recorded in the court's official records on December 10, 1981. The order of recusal was signed and filed on December 8, 1981.