PER CURIAM.
This is an appeal from a final judgment in a contested dissolution of marriage action. Determinations were made as to child residence, alimony and property rights. The Wife appeals. We affirm.
The case was an eighteen (18) day trial with a record of 4,920 pages where it appears that every possible avenue and nuance were explored. The evidence was exhaustively considered as attested by the detailed eighteen (18) page final judgment entered in the circuit court.
From an appellate viewpoint, where we search to see if reversible error has been made to appear, the case presented is a non-noteworthy one insofar as novel or complex legal problems are concerned.
Six appellate points are presented by the Wife. We have viewed and assessed each of them, aided by the briefs, arguments of counsel, and examination of the record.
The appellate points may be grouped and treated as follows:
EVIDENTIARY RULINGS
Wife’s Points
1. The trial court erred in allowing the Husband to present testimony and evidence in violation of the letter and spirit of the court’s pre-trial order.
2. The trial court erred in refusing to allow the Wife to introduce evidence and testimony concerning two “separation and property settlement agreements” proposed by the Husband pri- or to the institution of this action.
3. The trial court erred in permitting the Husband to provide to the trial judge a transcript representing only the Husband’s portion of the case.
We have analyzed these rulings and hold that no abuse of discretion has been demonstrated as to them. Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983); Palmar v. Palmar, 402 So.2d 20 (Fla. 3d DCA 1981); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Moreover, in light of the totality of the evidence, even if it be assumed that such rulings were erroneous, such errors were harmless. Section 59.041, Florida Statutes (1983); Alexander v. Alterman Transport Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980); Harrison v. American Fire & Cas. Co., 226 So.2d 28 (Fla. 4th DCA 1969).
FINANCIAL RULINGS: EQUITABLE DISTRIBUTION AND ALIMONY
Wife’s Points
4. The trial court erred in denying the Wife an equitable distribution of the assets accumulated during the marriage.
5. The trial court erred and abused its discretion in awarding to the Wife rehabilitative alimony in the amount of but $2,000.00 per month for a two-year period of time.
We affirm upon the authority of .Canakaris, supra; Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983); Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982); and Williamson v. Williamson, 367 So.2d 1016 (Fla.1979).
ORDER DETERMINING PRIMARY RESIDENCE OF MINOR CHILDREN
Wife’s Point
6. The trial court erred and abused its discretion in ordering that the primary physical residence of the parties’ minor children be with the Husband.
We affirm. The compelling findings and decision of the trial court were supported by abundant competent evidence. In such case, we are not authorized to substitute our judgment. Wales v. Wales, 422 So.2d 1066 (Fla. 1st DCA 1982); Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981); Hunt v. Hunt, 394 So.2d 564 (Fla. 5th DCA 1981); Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979).
The final judgment is, in all respects,
AFFIRMED.
*372 HURLEY and WALDEN, JJ., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.