468 So.2d 1053 (1985)
Robert O. HAASS, Appellant,
v.
India C. HAASS, Appellee.
No. 84-1397.
District Court of Appeal of Florida, Fourth District.
May 8, 1985.
Rehearing Denied June 4, 1985.
*1054 H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for appellant.
Herbert Stettin of Lapidus & Stettin, P.A., Miami, for appellee.
PER CURIAM.
This is an appeal by the former husband wherein he contests the receipt by the former wife, of (1) the lump sum alimony award of the marital home and its contents; and (2) the permanent periodic alimony monthly award of $2,000.
The parties were married in 1968, and the marriage lasted 15 years. They had two children, aged 5 years and 10 years. The husband is 41 years old; the wife 35.
The husband is a community-college dropout. Beginning in 1971 and continuing to the time of trial he has worked as an office manager for his parents at a salary of $12,000 per year. The husband had obtained by family gifts, inheritance, and purchases from marital assets, property worth more than $1,400,000 by the time of trial, most of which is in common stock. The husband asserts, without record citation, that only $20,000 of the above sum was purchased with marital assets. The wife is a college graduate, having gone to college during the marriage. In the early and mid 1970's, she worked as a retail clerk. The wife obtained a real estate license in 1982. After the husband left the marital home in January 1982, the wife worked part time for a real estate broker. For the period September 1, 1982 through October 28, 1983 her earnings  commissions paid on closings  were approximately $13,000 before taxes. She has also worked for brief periods, apparently in 1983, as a substitute teacher. During the marriage, the parties lived on their earnings and on the dividends and interest from the stock. *1055 Their home is worth approximately $300,000; their children attend private schools.
At trial, there was testimony that the wife's monthly needs for maintenance of the household and her lifestyle exceeded $5,000.
In the final judgment, the trial court directed the husband to pay the wife $150 per week per child, ($7,800 per year) in child support. As additional child support he was directed to pay their private schooling and lessons ($2,940 per year). The husband was also directed to pay the children's medical and dental expenses. The wife was awarded $2,000 per month ($24,000 per year) as permanent periodic alimony. She was also awarded the husband's interest in the marital home, its furnishings and fixtures, as lump sum alimony and a means of accomplishing equitable distribution of the marital assets. In making the latter decision, the court noted that it considered the husband's non-marital assets of $1,400,000 in which the wife had no claim. The husband was made solely responsible for a six year old non-interest bearing demand note on the home, due to his father, in the amount of $150,000. The husband also apparently received $40,000 worth of stock he purchased during the marriage.
The husband contests the lump sum alimony award to the wife of his interest in the marital home and its contents, arguing that the court improperly took into consideration, in making this award, his non-marital assets. "In granting lump sum alimony, the trial court should be guided by all relevant circumstances to ensure, `equity and justice between the parties.' § 61.08, Fla. Stat." Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). An award of lump sum alimony in property not associated with the marriage has been held appropriate upon a showing of a special reason or great need. McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983). Below, the trial court did not award the wife lump sum alimony in the husband's separately owned property, but considered such property in deciding to award the house and contents to the wife. That was legitimate in light of the language in Canakaris, supra, and the facts of the case.
The husband claims the $2,000 monthly permanent periodic alimony is an abuse of discretion because it was excessive, and should have been rehabilitative alimony. Section 61.08, Florida Statutes (1983), provides that the trial court may consider any "factor necessary to do equity and justice between the parties" in determining the amount and form of alimony to be awarded in a dissolution proceeding. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates. Canakaris at 1201-02. Rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills. Id. at 1202. On review, a financial disposition fashioned by a trial court in a dissolution proceeding should not be overturned as an abuse of discretion "if reasonable men could differ as to the propriety of the action." Id. at 1203. The test is whether the judgment of the trial court is supported by competent evidence. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983). There is evidence in the record that the parties enjoyed a high standard of living. There was evidence of the wife's monthly needs. The husband's assets indicate an ability to provide the necessary funds. The marriage lasted the considerable duration of 15 years. Although there is some evidence that the wife might develop the capacity for self-support, thus warranting a rehabilitative alimony award, we cannot say that the court's financial disposition in the form and amount of permanent periodic alimony indicates an abuse of discretion.
GLICKSTEIN, J., and GOLDMAN, MURRAY, Associate Judge, concur.
*1056 ANSTEAD, C.J., concurs in part and dissents in part with opinion.
ANSTEAD, Chief Judge, concurring in part and dissenting in part:
I agree that the trial court acted within its authority in granting permanent alimony and making the husband solely responsible for a $150,000 note and loan from the husband's father to the parties. However, I do not believe the award of the husband's half interest in the marital home was proper. The justification for such an award articulated by the trial court was to compensate the wife for the disparate financial asset positions of the parties resulting from the husband's receipt of substantial non-marital assets from inheritance and family gifts. The unencumbered marital home was valued at close to $300,000, so the wife's half interest is substantial. In addition, her support needs are well provided for by substantial alimony and child support awards. I simply do not believe the trial court should be allowed to distribute virtually all of the marital assets to one spouse on the sole justification that the other spouse is the owner of substantial non-marital assets. Such an award is, in fact, simply a means of avoiding the general prohibition on including non-marital assets in an equitable distribution of the parties' assets. See, e.g., McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983).