DELL, Judge.
William R. Ward appeals from a final judgment of dissolution and challenges the award of a jointly held condominium along with its furnishings to appellee as lump sum alimony.
The parties’ marriage lasted only two and a half years. Appellee possessed little wealth at the time of the marriage. On the other hand, appellant had substantial assets. He claimed a special equity in the condominium and furnishings, but the trial court awarded appellee the condominium and furnishings as lump sum alimony without addressing the question of appellant’s special equity.
At trial, appellant testified that he paid for the condominium entirely with money earned before his marriage to appel-lee. Appellee did not dispute this testimony, but merely asserted that appellant may have intended a gift. Appellant unequivocally stated that he did not intend a gift and appellee presented no evidence to the contrary. Appellee’s unsupported assertion that appellant may have intended a gift when he placed the title to the condominium in joint names does not defeat appellant’s special equity in this property.
In Brown v. Brown, 429 So.2d 846 (Fla. 4th DCA 1983), this court considered a claim of a special equity which involved a substantially similar fact situation:
In Ball v. Ball, 335 So.2d 5 (Fla.1976), this rule evolved:
that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entire-ties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended.
Applying the rule we see that at hand we have an unrebutted showing by the husband that all of the consideration for the home and furnishings was supplied by the husband from a source unconnected with the marital relationship. We then observe that the wife produced no evidence that a gift was intended. The situation is made even more poignant in light of the size of the equity and the shortness of the marriage. Clearly the husband was entitled to a special equity amounting to the whole of such property.
429 So.2d at 847 (quoting Ball, 335 So.2d at 7).
We conclude from our review of the record that the trial court should have held that appellant had a special equity amounting to the whole of the condominium and furnishings.
Our conclusion does not eliminate consideration of the question of whether the award of the entire condominium and its furnishings to appellee as lump sum alimony constituted an abuse of discretion. Appellee cites McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983) and Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984), as support for the trial court’s *1294 award. However, appellee misplaces her reliance on those cases.
In Gardner the appellate court found no justification for the trial court’s award to the husband of a townhouse which the wife had purchased with funds unconnected with the marriage. In McBride, this court stated that “an award of lump sum alimony in property not associated with the marriage is only appropriate upon a showing of a special reason or a great need.” 424 So.2d at 979.
Appellee argues that she worked as a housekeeper and homemaker for the family, that she contributed eight years of her life, that she helped with the construction of a yacht, that she is fifty-six years of age with limited employment skills and with medical problems involving her feet. On the other hand, this marriage lasted only two and one-half years. Marriage did not prejudice appellee in her ability to obtain gainful employment, and her medical problems can be improved if not corrected with foot surgery. The final judgment requires the husband to pay the medical expenses for corrective foot surgery and provides rehabilitative alimony for a sufficient period of time to permit appellee to complete the surgery and rehabilitate herself.
The facts of this case do not justify the award of appellant’s interest in the condominium as lump sum alimony, and without justification the award cannot stand. See Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Therefore we hold that the trial court abused its discretion when it awarded the condominium and furnishings to appellee as lump sum alimony.
Accordingly, we reverse and remand this cause to the trial court with directions to modify the final judgment to award appellant the condominium and furnishings. Since it appears from the record that the award of the condominium to appellee influenced the amount of rehabilitative alimony, on remand the court may reconsider the appropriateness of the amount of the rehabilitative alimony award. We affirm the final judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS, J., and COOK, JACK H., Associate Judge, concur.