517 So.2d 707 (1987)
Israel POLLACK, Appellant,
v.
Madeline POLLACK, Appellee.
Nos. 4-86-2033, 4-86-2341.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
Rehearing Denied January 26, 1988.
*708 Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., and Cone, Wagner, Nugent, Johnson, Roth & Romano, West Palm Beach, for appellant.
Martin L. Haines, III, North Palm Beach, for appellee.
DOWNEY, Judge.
Israel Pollack, the husband/appellant herein, appeals from a final judgment of dissolution in which the trial court awarded the wife permanent periodic alimony, lump sum alimony, child support, and attorney's fees.
This marriage survived fourteen years and produced one child, ten years of age. At the time of trial the husband was sixty-five years old and the wife forty-two. The wife brought no assets of consequence to the marriage and was primarily a home maker throughout the union. The husband brought substantial assets to the marriage and, although not actively employed during the marriage, he spent his time caring for his investments. The evidence indicated the value of the husband's estate at trial at about $1,039,000. The judgment appealed from awarded the wife custody of the child, permanent alimony of $2,000 per month, lump sum alimony of $225,000, and attorney's fees. The trial court erred, contends the husband, in the alimony awards and in fashioning the award of attorney's fees.
On this record we hold an award of permanent periodic alimony and attorney's fees was justified. The only quarrel we have is with the methodology employed in determining the amount of attorney's fees. The trial court failed to follow Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and thus the cause must be remanded for further consideration.
With regard to the award of lump sum alimony, the husband contends the trial court improperly considered the husband's non-marital assets in effecting that distribution. If it is his legal position that non-marital assets are not subject to an equitable property distribution, we would agree. However, if his argument is that the court cannot look to the husband's non-marital assets to meet alimony and other obligations ensuing from the marriage, then we reject it. Rather, we hold that, in assessing alimony for a needy spouse, the court may resort to all of the assets and income of the pecunious spouse regardless of their source. Having done so, the trial court exercised its discretion to award the wife less than one-quarter of the husband's assets. In reviewing that discretionary disposition, we look to the evidence and, if we find that there is competent substantial evidence in the record to support that particular award, then there is logic and justification for the result and it is unlikely that any reasonable person would adopt a different view. Thus, there is no abuse of discretion. Marcoux v. Marcoux, 464 So.2d 542, 544 (Fla. 1985). One of the tools available to the trial judge in resolving the issues here is lump sum alimony, assuming there is a justification for resort thereto. We find justification therefor in the fact that the husband was sixty-five years old at final judgment, whereas the wife was forty-two, with a minor child. Should the *709 husband suffer an early or sudden demise there would be no further child support, no further permanent alimony, and the wife would be destitute. It is sheer realism, we submit, to consider that scenario as an unremote possibility, although ostensibly the husband's health is good. This court, in Hartley v. Hartley, 399 So.2d 1126, 1128 (Fla. 4th DCA 1981), recognized this point in saying:
The usually unspoken but sometimes very legitimate fear, of course, is that if periodic alimony is ordered and the husband dies shortly thereafter, his former wife may be left destitute.
In reviewing the trial court's exercise of discretion in this area, we must keep in mind the supreme court's admonition that we relied upon in Nusbaum v. Nusbaum, 386 So.2d 1294, 1295 (Fla. 4th DCA 1980):
The Canakaris Court [Canakarias v. Canakarias, 382 So.2d 1197 (Fla. 1980)] pointed out that in making the determination to award lump sum alimony the trial judge is exercising a broad discretion to ensure equity and justice between the parties. Appellate courts were admonished to exercise restraint and caution in reviewing the trial court's exercise of its discretion and to keep hands off unless that discretion is exercised in an arbitrary, fanciful or unreasonable way.
Accordingly, we affirm the judgment in all respects except as to the amount of attorney's fees and we reverse that determination and remand the cause for further consideration of attorney's fees in accordance with the methodology set forth in Rowe v. Florida Patient's Compensation Fund, supra.
LINDA L. VITALE, Associate J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, Judge, dissenting.
I agree with the majority opinion on all issues except I respectfully dissent on the issue of the award of lump sum alimony to the wife from the non-marital assets of the husband. I would reverse the award of lump sum alimony from the husband's property not associated with the marriage since there was no showing of a special reason or great need of the wife. Ward v. Ward, 476 So.2d 1292 (Fla. 4th DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986); Haass v. Haass, 468 So.2d 1053 (Fla. 4th DCA), rev. denied, 478 So.2d 53 (Fla. 1985); Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984).
The record is void of substantial competent evidence to support a special reason or great need of the wife as justification for an award of lump sum alimony from the husband's non-marital assets. The majority relies on Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981) for the proposition that since a healthy, but older husband might die sooner, a special need for lump sum alimony is created in a younger wife. However, the Hartley case does not involve an award of lump sum alimony from non-marital assets. Therefore, I conclude that the philosophy underlying Hartley should not be extended to the instant case.
Accordingly, I would reverse the award of lump sum alimony to the wife from the non-marital assets of the husband. However, upon remand, the trial court could reassess the permanent periodic alimony award if it so desired, since the funds available to the wife would be severely diminished.