PER CURIAM.
We treat the petition for extraordinary writs filed by Gulfstream Park Racing Association, Inc. as a motion to enforce our mandate previously issued in this cause. See Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 328 So.2d 825, 827 (Fla.1975); Stuart v. Hertz Corp., 381 So.2d 1161, 1163 (Fla. 4th DCA 1980); Art. V, § 4(b)(3), Fla.Const.
In Gulfstream Park Racing Association v. Gale, 540 So.2d 196 (Fla.3d DCA 1989), we granted Gulfstream’s petition for a writ of prohibition and required that the respondent disqualify himself as a judge in this case. We stated:
“Although we agree that the motion to disqualify was legally insufficient, the trial judge unfortunately added his own explanation of relevant events and strongly denied certain of the factual allegations of the motion for disqualification, thereby passing ‘on the truth of the facts alleged’ in the motion in violation of Fla.R.Civ.P. 3.230(d). Consequently, the trial judge ‘exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification’ by creating ‘an intolerable adversary atmosphere’ between himself and the petitioner. Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978), and cases collected. This being so, we conclude that the respondent trial judge should have disqualified himself from sitting in the cause below.
The petition for a writ of prohibition is granted. We assume, however, that it will be unnecessary to issue a formal writ of prohibition and that the respondent trial judge will disqualify himself in this case upon receipt of this opinion.
Prohibition granted.”
We grant the motion to enforce our mandate, issue a rule absolute in prohibition, and direct that the respondent enter an order disqualifying himself as a judge in this case. We further (1) quash the administrative order entered upon remand by the respondent on March 28, 1989 [which reassigned the cause to Division 08 of the circuit court below], and (2) remand the cause to the Chief Judge of the Circuit Court for the Eleventh Judicial Circuit or, in his stead and upon his assignment, an administrative judge other than the respondent for the purpose of reassigning the cause below. McKay v. McKay, 488 So.2d 898 (Fla. 3d DCA 1986); Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983); Rogers v. State, 341 So.2d 196 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977); *1167 Weiss v. Miami Nat’l Bank, 320 So.2d 466 (Fla. 4th DCA 1975).
It is so ordered.